McCLATCHEY *et al.* v. CITY OF ATLANTA *et al.*

PER CURIAM. Section 27 of the act of 1915, amending the charter of the City of Atlanta (Acts 1915, pp. 480, 496), provides: "The mayor and general council of the City of Atlanta, beginning with the year 1916, shall set apart from the revenues of each year the sum of ten thousand ($10,000.00) dollars, and furthermore shall set apart the net receipts from the cyclorama building in Grant Park, beginning with the same year 1916, and the total amount for said two apportionments shall be put in a fund known as the 'cyclorama building fund,' and this fund shall be increased from year to year, from like apportionments, until the total amount in said cyclorama building fund shall reach the sum of one hundred thousand dollars ($100,000.00); whereupon same shall be expended by the authority of the mayor and general council for the building of a cyclorama, museum, and similar quarters

in Grant Park for the housing of the cyclorama picture and such collections suitable for a museum as the city may have or which may be donated for such purposes. That the mayor and general council are prohibited from using any part of said accumulation for any purpose whatever, and same shall be kept intact in said fund and shall be placed in the hands of the sinking-fund commission and loaned out at interest by said commission until the total amount of one hundred thousand ($100,000.00) dollars is reached; whereupon same shall be expended as above provided." *Held:*

1. The above-quoted act became a part of the charter of the City of Atlanta upon the passage of the act, and on its face was charter authority to the city and mandatory upon the municipality to do the several things therein specified.

2. Under former rulings of this court, "the building of a cyclorama, museum, and similar quarters in Grant Park for the housing of the cyclorama picture and such collections suitable for a museum as the city may have or which may be donated for such purposes," is a public or governmental function. *Cornelisen* v. *Atlanta*, 146 *Ga.* 416 (91 S. E. 415), and cit.; *City of Warrenton* v. *Smith*, 149 *Ga.* 567 (101 S. E. 681); *Board of Fulton* v. *Board of College Park*, 147 *Ga.* 776 (3), 779 (95 S. E. 684). There is no provision in the constitution of the State or of the United States prohibiting the legislature from requiring the municipality to expend its revenues for the building and maintenance of such museum; and the requirement expressed in the statute mentioned above, having reference to the performance of a governmental function, is valid and binding upon the city. 28 Cyc. 301; Cooley's Const. Lim. (7th ed.) 335; Cooley's Mun. Cor. 67; 19 R. C. L. 763, § 68, and numerous cases cited.

3. Citizens and taxpayers of the City of Atlanta have such interest as would authorize them, as such, to institute an action for mandamus to compel the city to comply with the provisions of the act.

4. Applying the principles ruled in the preceding headnotes, it was erroneous to dismiss the petition upon general demurrer.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*

BECK, P. J., and GEORGE, J., specially concurring. We concur in the conclusions reached by the court, as in our opinion the legislation in question related to a function of the city government which is not purely local in its nature, but which has relation to the public generally; and the conclusion reached by the court is correct, whether or not in every instance the legislature can control the municipality in all matters relating to governmental functions.

No. 1552. DECEMBER 20, 1919.

Petition for mandamus. Before Judge Pendleton. Fulton superior court. June 17, 1919.

*Chambers & Dickey* and *Alvin L. Richards,* for plaintiffs.

*J. L. Mayson* and *J. M. Wood,* for defendants.