## 12610, 12644.   RHEBERG *v.* GRADY COUNTY; and *vice versa.*

1. While, as a general rule, a county is not liable to suit unless there is a law which in express terms or by necessary implication so declares, yet the appropriate law may be found in the constitutional provision that private property shall not be taken or damaged for public use without just compensation being first paid. When private. property is taken or damaged by the authorities of a county, or by their duly authorized servant, for the use of the public, without just compensation being first paid, a right of action arises in favor of the owner of the property, which may be enforced by suit against the county, and the owner is entitled to recover adequate compensation for the property taken or damaged.

(*a*) Where the private property wrongfully damaged is land, adequate compensation or damages would be the difference between the market value of the land immediately before and after the damage.

(*b*) Even if the wrongful acts complained of which had the effect of taking or of damaging private property for public use were not done in the first instance under the sanction of the county authorities, yet if such authorities ratified and approved the acts of those assuming to represent them, the county would nevertheless be liable. And if the county authorities, after knowledge that their agent, charged with the working of a public road of the county, knowingly or by mistake

took private property (dirt from a person's land, thereby damaging the tract of land from which the dirt was taken), without compensation, and used the property taken in the improvement of the public road, the retention of the property so taken would authorize an inference that the original appropriation of the property had been ratified by the county authorities, so as to charge the county with the original wrongful taking and make it liable in damages, at the election of the owner of the property, either for the value of the propproperty taken or for the diminution in the market value of the entire tract of land from which the dirt was taken.

DECIDED NOVEMBER 16, 1921.

Action for damages; from city court of Cairo — Judge Rigsby. April 11, 1921.

L. H. Rheberg brought suit for damages in the sum of $1,000 against Grady County, and his petition made the following case: Petitioner, in the year 1919, was the owner of a certain described tract of land in Grady County, which abutted upon the Dixie Highway, a public road in the county. In the month of November, 1919, the county was repairing and grading said public road, adjoining petitioner's said land, with its chain-gang crew, organized, controlled, and operated by the proper officials of the county, to wit, its county commissioners of roads and revenues. The chain-gang crew was working the road under the direct supervision of a foreman employed by the county. The foreman and the chain-gang crew, while repairing the road, left the roadbed and the right of way of the road and unlawfully went upon the plaintiff's premises and tore down his wire fence, and dug a large excavation upon his land for the purpose of obtaining dirt for the repairing of the public road, and the dirt was so obtained and so used. The excavation so dug was 40 feet wide, 300 feet long, from 18 inches to 4 feet, 6 inches deep, and was from 15 to 29 feet distant from the right of way of the road. After rains the excavation holds about three feet of water. The damage done to the wire fence was $10, and the digging of the excavation rendered worthless to the petitioner one acre of land, which damaged him $60. In addition to these items of damages, the digging of the excavation gives to his property a bad appearance, thereby reducing its market value $1,000 and damaging him in that sum. All of which was done without the consent or authority of petitioner; and although demand has been made on Grady County, nothing has been paid to petitioner.

A general and a special demurrer to the petition were over-

ruled, and the defendant, in a cross-bill of exceptions, excepted to this ruling. The general demurrer was in the usual form, and the special demurrer set up that the paragraph of the petition which alleged that the plaintiff was the owner of the land (described in the petition), and which described the land, was not germane to the subject-matter of the petition and did not show what relation it had to the petition.

Upon the trial, after the introduction of the plaintiff's evidence, the court, upon motion of defendant, awarded a nonsuit, and the plaintiff excepted.

*P. C. Andrews, Jeff. A. Pope,* for plaintiff.

*R. C. Bell, J. S. Weathers,* for defendant.

BROYLES, C. J. (After stating the foregoing facts.)    As authority for the preceding headnotes we cite *Elbert County* v. *Brown,* 16 *Ga. App.* 834 (86 S. E. 651), and the many pertinent decisions there referred to and exhaustively discussed by Chief Judge Russell. If the ruling in the instant case as to the liability of a county for the tortious acts of its servant in wrongfully appropriating or damaging private property, for the benefit of the public, goes further than any *direct* holding in those cases, we think the extension fully warranted by the *spirit* of those decisions and the broad legal principles upon which they are based. In the light of the rulings in the headnotes, the petition set forth a cause of action against the county, and upon the trial every material allegation of the petition was supported by the proof. The mere fact that one of the witnesses for the plaintiff — the clerk of the commissioners of roads and revenues of Grady County — testified that the commissioners " had a custom to never go on adjoining land for dirt without first getting the consent of the owner " did not show that the unlawful acts of their servant were done without the authority of the county commissioners *and that such acts had never been ratified by them,* the undisputed evidence showing that after their attention had been called to the unlawful appropriation of, and the damage to, the plaintiff's property, they retained his dirt upon the road and failed to compensate him for it or for any of the damage to his property. Under the pleadings and the evidence, the plaintiff was entitled to recover for the damage to his wire fence, and for the damage to his tract of land. It follows

from what has been said that the court properly overruled the demurrers to the petition, but erred in awarding a nonsuit.

*Judgment on main bill of exceptions reversed; on cross-bill affirmed. Luke and Bloodworth, JJ., concur.*