18566. HABERSHAM COUNTY *v.* CORNWALL.

DECIDED JULY 13, 1928.

*J. C. & H. E. Edwards,* for plaintiff in error.
*McMillan & Erwin,* contra.

BELL, J.   C. Cornwall brought suit against Habersham county, and in his petition made the following case:   During the year 1925 the defendant, "in grading and constructing a public road in said county, graded and constructed same through" a described strip of land belonging to plaintiff, containing 3.83 acres, more or less, and in doing so "dug up and destroyed 155 peach trees growing thereon, which were of the value of $7 each, or a total value of $1085." (There was a further allegation of damage, but that is not material to this statement.)   On June 22, 1925, petitioner filed

with the ordinary of the defendant county "a claim in writing for said damages, in terms of the law, payment of which said claim was refused by the said ordinary, who has charge of the county affairs." The defendant demurred to the petition, both generally and specially. The demurrer was overruled and exceptions pendente lite were duly taken. The trial resulted in a verdict in favor of the plaintiff for $600 "on orchard." The defendant's motion for a new trial was overruled, and it excepted.

The petition did not fail to set forth a cause of action because of a failure to allege that the county did not have an easement on the land claimed to have been damaged, affording it the legal right to use the same. We think the petition set forth a cause of action under that provision of the constitution (Civil Code (1910), § 6388) which declares that private property shall not be taken or damaged for public purposes without just and adequate compensation being first paid. *Elbert County* v. *Brown*, 16 *Ga. App.* 834 (86 S. E. 651); *Rheberg* v. *Grady County*, 27 *Ga. App.* 578 (109 S. E. 542); *Sheppard* v. *Georgia Ry. & Power Co.*, 31 *Ga. App.* 653 (121 S. E. 868). That the measure of damages may not have been properly stated was not ground for general demurrer. *Mendel* v. *Converse*, 30 *Ga. App.* 549 (9) (118 S. E. 586); *Bank of Bullochville* v. *Riehle*, 36 *Ga. App.* 470, 474 (137 S. E. 642). The allegation as to the way and manner in which the damage had been done was sufficiently specific.

If it was necessary at all to allege a compliance with section 910 of the Civil Code, which requires a presentation in writing to the governing authorities of towns and cities of any claim for damages, before bringing suit thereon against any such municipality (see *Grooms* v. *Hawkinsville*, 31 *Ga. App.* 424, 120 S. E. 807; Civil Code (1910), § 411), the allegations upon that subject were not open to demurrer merely because no copy of such claim was attached to the petition. The demurrer does not raise the question of the sufficiency of the demand made, but is based solely upon the ground that a copy was not annexed to the declaration. The demurrer was properly overruled. *City Council of Augusta* v. *Marks*, 124 *Ga.* 365 (5) (52 S. E. 539).

The foregoing will dispose of all questions raised by the demurrer, as construed in the brief of counsel for the plaintiff in error.

■ From the evidence upon the trial it appeared, without dis-

pute, that the road was graded and constructed solely by the State Highway Department, and that the county as such was in no wise a party to the transaction. But the plaintiff introduced in evidence a deed by which he had conveyed the strip of land to the State Highway Board for the purpose for which the land had been used. This deed had been procured by the ordinary of Habersham county, but neither he nor the county was a party thereto. In it was the following clause: "In the event of any landowner being recompensed for orchard, then the grantor shall receive compensation for as much orchard as is taken off." It is upon the basis of this stipulation that the plaintiff claimed he was entitled to recover.

Whether he may recover thereon against the State Highway Department we do not undertake to say at this time. We do hold, however, that he acquired no rights against the county by reason of this or any other provision of the deed. The deed, having been recorded, was presumably accepted by the State Highway Board. *Mays* v. *Fletcher,* 137 *Ga.* 27 (2) (72 S. E. 408). Whether actually accepted by that party or not, there was nothing in it to bind the county. The recitations and provisions of a deed are binding only upon the parties thereto and those claiming under them. It can not afford the basis of a cause of action against some other person. *Cruger* v. *Tucker,* 69 *Ga.* 557 (2); *Dickey* v. *Grice,* 110 *Ga.* 315 (35 S. E. 291); *Campbell* v. *Sims,* 161 *Ga.* 517 (2) (131 S. E. 483). But it is said by counsel for the defendant in error that it was the duty and liability of the county to furnish to the State Highway Department a right of way for the road. Park's Code Supp. 1922, § 828(uuu). Even so, this is a matter between the county and the State Highway Department.

Under the evidence adduced the county can not be held liable in this case under the statute which provides "that the State Highway Department shall defend all suits and be responsible for all damages awarded against any county under existing laws, and whenever the cause of action originates on highways jurisdiction over which shall have been assumed by said Highway Department under the terms of this act, and provided that any county sued shall voucher said highway department to defend such litigation" (Ga. L. 1919, p. 249, Park's Code Supp. 1922, § 828(ppp)). The plaintiff *by his evidence* does not make a case of liability against the county

"under existing laws," but seeks to establish the liability by virtue of a contract to which the county was not a party. Furthermore, the law does not permit the county to be ambushed by alleging a case not requiring the vouching of the highway department and then by proving a case which might have required such action at the county's hands. If the petition had not only alleged against the county a cause of action under the law as it existed at the passage of the act of 1919, but had shown also that the cause was one for which the State Highway Department should be liable since the passage of that act, then it would seem that the duty would have devolved upon the county to vouch the State Highway Department into court upon the county's own initiative, without further action upon the part of the plaintiff. But certainly the plaintiff here did not allege any such case, saying nothing as to the liability of the State Highway Department, and if he has proved such, he did not prove the case as laid, and for that reason the verdict is contrary to the evidence and to law.

By the act of 1925 (Ga. L. 1925, p. 208, 211) it is provided that the State Highway Department may be sued. This provision may or may not be applicable to the plaintiff's claim. Even if inapplicable, that, without more, would not entitle the plaintiff to proceed against the county where the county is not otherwise liable.

"As a general rule, the action on a contract, whether express or implied, or whether by parol or under seal, or of record, must be brought in the name of the party in whom the legal interest in such contract is vested, and against the party who made it in person or by agent." Civil Code (1910), § 5516.

In no view of the evidence was the plaintiff entitled to recover. The court erred in refusing a new trial.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*