## FLOYD COUNTY *v.* FINCHER.

No. 7326. November 16, 1929.

*Wright, Wright & Covington,* for plaintiff in error.

*M. B. Eubanks,* contra.

Gilbert, J.   Fincher filed, on December 19, 1928, a petition alleging that he owns described real estate in Floyd County; that the county has so changed the location and construction of one of its public highways as to cause the surface-water from a large area, which before such change in the highway drained in a northerly direction, to drain in a southerly direction and to be discharged upon his lands, causing the water to pond thereon, and depositing mud, clay, and gravel upon his pasture, and drowning and killing his crops; that the market value of his lands has already been damaged in a large sum, and if the washing down of mud, clay, and gravel is permitted to continue the value of the land will ultimately be entirely destroyed; that he has already been damaged in the destruction of his crops for 1928 and damage to his pasture in the sum of $500; that if said nuisance is permitted to continue, the market value of fifteen acres of land, which was $100 an acre before they were overflowed, will be entirely destroyed; that each rain causes an overflow, and each overflow creates a separate cause of action, and the same constitutes a continuing nuisance; that the county has refused to correct the nuisance; and that petitioner filed with the county commissioners, on August 28, 1928, his claim for his damages and abatement of the nuisance, a copy of which is exhibited.   He prayed for judgment for the damages already done; for injunction to restrain the county from permitting and causing and allowing the water to flow down upon his lands; and for general relief.

The petition was demurred to on the grounds:   (1)   It does not set forth a cause of action.   (2)   It does not set forth any

legal measure of damages for which a recovery could be had. (3) The dates on which the county changed the road and changed the ditch and installed the culvert referred to in the petition, so as to flow the water upon the land of petitioner, are not alleged. (4) No measure of damage upon which recovery for a nuisance could be had is alleged; the measure of damages applicable to a continuing nuisance is not set forth, but the petition seeks to recover for the original injury, which is not declared on in the petition. (5) The petition as a whole shows that the claim filed is for injury to the fee, and not for a recovery of damages for the maintenance of a nuisance; and therefore no claim against the county appears to have been filed against the county as required by law. (6) The petition is duplicituous, in that it seeks a recovery both for the full market value of the lands destroyed by the original alleged act of the defendant in changing the flow of water, and also seeking in the same action to recover for the annual injury and damage to said land as a continuing nuisance.

The petition was amended by alleging that the yearly rental value of the fifteen acres of land, if free from said overflow, is $10 per acre; that the rental value thereof for the five years 1924 to 1928, inclusive, had been destroyed, and that this will continue until the overflow is stopped; and that the damage by reason of the destruction of the rental value of the lands for the years mentioned is $500. The court passed an order sustaining the demurrer "as to all prayers for damages other than those arising within twelve months prior to demand on the defendant, and such allegations and prayers are stricken. The demurrer as to all other grounds is over-ruled, and the cause allowed to proceed upon the question of injunction and damages for twelve months prior to demand." The county excepted. Other allegations of the petition are hereinafter stated.

The court erred in not sustaining the general demurrer to the entire petition. The petition proceeds on the theory that the building of the road by the commissioners of Floyd County diverted water from its normal natural flow into a new channel, which, after passing over the lands of another adjacent owner, finally finds its way upon petitioner's land, causing damage to his crops and to his pasture, and that for this reason the county officials have committed a nuisance. He sets out that he has already been damaged in the

destruction of his crops for 1928, and damage to his pasture in the sum of $500, and alleges that if the nuisance is permitted to continue, the market value of the fifteen acres, which was $100 per acre before the land was overflowed will be entirely destroyed. In an amendment he "sets forth the original market value of said lands and the injury thereto as a basis for equitable relief, and prays for injunction as in said original petition set forth." It will be observed that the market value, which is not stated in terms of dollars and cents, is merely for the basis of equitable relief, that is, for the purpose of obtaining an injunction against the maintenance of the "nuisance." Under repeated decisions of this court, the suit can not proceed for any of the above-stated purposes. *Gray* v. *Griffin*, 111 *Ga.* 361 (36 S. E. 972, 51 L. R. A. 131); *Wood* v. *Floyd County*, 161 *Ga.* 743 (131 S. E. 882); *Decatur County* v. *Praylor*, 163 *Ga.* 929 (137 S. E. 247); *McConnell* v. *Floyd County*, 164 *Ga.* 177 (137 S. E. 919).

The case can not proceed for injunction, because to grant an injunction would be to grant mandatory relief. "An injunction can only restrain; it can not compel a party to perform an act. It may restrain until performance." Civil Code (1910), § 5499. The petition does not allege when the new road was laid out or completed. In the original petition the allegation is that "heretofore the said county has so changed the road." There was a special demurrer calling for information as to the date on which the county changed the road and when the ditch referred to in the petition was dug. In an amendment to the petition the only reference to dates is, that, "by reason of said overflow, the rental value thereof has been destroyed for the last five years, to wit, 1924, 1925, 1926, 1927, and 1928, and will be continually destroyed until said overflow is stopped; that his damages by reason of the destruction of the rental value of said lands for said years is $500." From this it appears that at least the road must have been completed prior to the year 1924. Without considering whether or not the suit for damages by the building of the road in the manner alleged is barred by the statute of limitation, it is sufficient to say that a suit filed on December 19, 1928, for injunction will not lie against the maintenance of a road built and completed prior to the year 1925. Moreover, the building of a road, including the manner and location, rests in the discretion of the State and County highway officials, and ordi-

narily will not be disturbed by the courts. To authorize an interference it must clearly appear that there is an abuse of official discretion, or a violation of some law. The building of highways is a public improvement of very great importance, and the stern writ of injunction will not be exercised unless required, but the complainant will be left to a suit for damages. *Moore* v. *Atlanta,* 70 *Ga.* 611. That in a proper case a plaintiff may recover damages from a county where private property has been taken or damaged in the manner mentioned in the State constitution has been settled by the cases of *Smith* v. *Floyd County,* 85 *Ga.* 420 (11 S. E. 850), and *Barfield* v. *Macon County,* 109 *Ga.* 386 (34 S. E. 596). "Private property shall not be taken, or damaged, for public purposes, without just and adequate compensation being first paid." Const., art. 1, sec. 3, par. 1 (Civil Code (1910), § 6388). In the first of these cases Chief Justice Bleckley distinguished cases involving the taking and damaging of private property as contemplated in the constitutional section just quoted from other cases for damages not involving property protected under that clause of the constitution. In the opinion he said: "The cases heretofore ruled by this court, such as *Smith* v. *Wilkes and McDuffie Counties,* 79 *Ga.* 125 [4 S. E. 20], and *County of Monroe* v. *Flynt,* 80 *Ga.* 489 [6 S. E. 173], holding that counties are not subject to suit except in cases expressly provided for by statute, are not inconsistent with what we now decide, inasmuch as the supposed causes of action involved in those cases were not within the terms of the constitution." In the same case Chief Justice Bleckley drew the sharp distinction between suits for damages or injury to property falling under the protection of the constitution, as aforesaid, and suits against counties based upon nuisance. On that question he said: "In holding that the declaration sets forth a cause of action, we are to be understood as sustaining it, not for the purpose of treating the work or its results as a nuisance to the plaintiff's premises, but only for the purpose of recovering damages for the exercise of the power of eminent domain. The work done is to be treated as rightful in all respects save in the omission to pay compensation. And the measure of compensation is the actual depreciation in value (in the market value) of the plaintiff's premises, resulting from the work done and its effect upon the property." This latter principle was again pronounced by this court in *Barfield* v. *Macon County,* supra.

Counsel for defendant in error does not construe the petition differently from our construction stated above. We quote from his brief as follows: "The allegations show a nuisance and a continuing nuisance, and that the diversion of surface water so that it is thrown on the land where it did not flow constitutes an actionable nuisance is a proposition that does not require argument. *Farkas* v. *Towns*, 103 *Ga.* 150" (29 S. E. 700, 68 Am. St. R. 88). In citing as authority, however, the case of *Farkas* v. *Towns*, counsel fails to observe the difference between a suit against an individual and a county. For the reasons stated above, the judgment overruling the demurrer as to portions of the petition must be reversed.

*Judgment reversed. All the Justices concur, except Russell, C. J., who dissents.*