### 20691. State Highway Board *et al.* v. Ward.

Broyles, C. J. 1. "While, as a general rule, a county is not liable to suit unless there is a law which in express terms or by necessary implication so declares, yet the appropriate law may be found in the constitutional provision that private property shall not be taken or damaged for public use without just compensation being first paid. When private property is taken or damaged by the authorities of a county, or by their duly authorized servant, for the use of the public, without just compensation being first paid, a right of action arises in favor of the owner of the property, which may be enforced by suit against the county, and the owner is entitled to recover adequate compensation for the property taken or damaged." *Rheberg* v. *Grady County*, 27 *Ga. App.* 578 (1) (109 S. E. 542); *Elbert County* v. *Brown*, 16 *Ga. App.* 834 (86 S. E. 651), and citations.

2. It is obvious that the above-stated constitutional provision applies where private property is taken or damaged for public use by the State Highway Board without just compensation being first paid. In such a case

a right of action arises in favor of the owner of the property, which may be enforced by suit against the State Highway Board.

3. Where a county and the State Highway Board join in damaging private property for the use of the public without first paying adequate compensation, a right of action arises in favor of the owner of the property, and he may bring a joint action against the county and the State Highway Board. See, in this connection, Civil Code (1910), § 6541; *Ketchum* v. *Price*, 31 *Ga. App.* 49 (119 S. E. 442); *McKenzie* v. *Foy*, 33 *Ga. App.* 38 (125 S. E. 517); *State Highway Department* v. *Harrell*, 168 *Ga.* 121 (146 S. E. 830); *Scearce* v. *Mayor &c. of Gainesville*, 33 *Ga. App.* 411 (3) (126 S. E. 883).

4. Under the foregoing rulings and the facts of the instant case, the petition set forth a cause of action against both Decatur County and the State Highway Board; there was no misjoinder of parties defendant, and the court did not err in overruling the general and special demurrers to the petition. *Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED OCTOBER 8, 1930.

*H. G. Bell,* for plaintiffs in error.

*R. G. Hartsfield, D. R. Bryan, W. V. Custer & Son,* contra.