20531. BIBB COUNTY *v.* GREEN.

DECIDED JANUARY 19, 1931.

*Hall, Grice & Bloch, Ellsworth Hall Jr., James C. Estes,* for plaintiff in error.

*L. D. Moore,* contra.

JENKINS, P. J. 1. Under the constitution of the State of Georgia "private property shall not be taken or damaged for public purposes without just and adequate compensation being first paid." Civil Code (1910), § 6388. Accordingly, if private property is taken or damaged, even by the prudent and proper exercise of a power conferred by statute, the owner is entitled to just compensation in an amount represented by the difference between the market value of the property before and after the procedure, taken for public purposes. *City Council of Augusta* v. *Lamar,* 37 *Ga.*

*App.* 418 (140 S. E. 763), and cit. The constitutional provision just quoted applies to private property taken or damaged by counties, although, prior to the adoption of the constitution of 1877 enlarging the scope of this section, a county, not being suable at common law, and constituting a political subdivision of the sovereign power, could not be sued for damaging private property for public uses. After the adoption of the constitution of 1877 it was held by the Supreme Court in *Smith* v. *Floyd County,* 85 *Ga.* 420 (11 S. E. 850), that, "construing the constitution of 1877 and the code together, a right of action exists against a county for damaging private property for public uses," the liability of counties for damages in all cases being the actual depreciation in the market value of the premises injured. *Howard* v. *County of Bibb,* 127 *Ga.* 291, 293 (56 S. E. 418). All the cases, however, including the *Smith* case, supra, *Millwood* v. *DeKalb County,* 106 *Ga.* 743 (32 S. E. 577), *Barfield* v. *Macon County,* 109 *Ga.* 386 (34 S. E. 596), and *Terrell County* v. *York,* 127 *Ga.* 166, 168 (56 S. E. 309), recognize that a county is exempt from suit except where the suit is specifically authorized by the constitution and statutes. See, in this connection, Civil Code (1910), § 384.

2. There is a distinction between taking or damaging private property for public uses and creating a nuisance which might thereafter cause specific or particular damage to the owner of the property. As was said in *Peel* v. *Atlanta,* 85 *Ga.* 138, 140 (11 S. E. 582, 8 L. R. A. 787), the effect of the constitutional provision "is not to authorize compensation in all cases where property may be injured by public works, but only where the enjoyment of some right of the plaintiff in reference to his property is interfered with and the property thereby *rendered less valuable.*" (Italics ours.) In the instant case, in which the county is sued for damages growing out of the erection of abutments to a bridge, the plaintiff claims subsequently accruing particular damages on account of what is charged to be the creation and maintenance of a continuing, abatable nuisance. Such was the case in *Howard* v. *County of Bibb,* supra; and in that case it was held by the Supreme Court that the county was not liable to suit on such a cause of action. In *City Council of Augusta* v. *Lamar,* supra, it was held by this court that whatever might have been the original rights of the owner against the city for damaging private property for public uses, any right of action of

that nature had become barred, and that in that case no action could be maintained on the theory that subsequently accruing damages could be recovered for the maintenance of a continuing, abatable nuisance, since the public improvements were properly constructed in accordance with the authority conferred by law; so in this case there can be no recovery of damages under the constitutional provision embodied in section 6388 of the Civil Code (1910), for the reason that any such cause of action would be barred; nor can an action be maintained for damages subsequently accruing from a continuing, abatable nuisance, for the reason that such an action against a county is not authorized. The policy of the law is explicit that all claims against a county for taking or damaging private property for public uses must be filed within twelve months, and suit thereon for the depreciation in the market value must be instituted within the period of limitation fixed by the law, and it is not the policy of the law to permit the bringing of suits against counties from time to time for damage which might result by reason of negligently constructed public improvements constituting a nuisance. If the case of *Nalley* v. *Carroll County,* 135 *Ga.* 835 (70 S. E. 788), constitutes a physical precedent to the contrary, the only contentions made in that case and the only question actually decided were as to whether the work done by the defendants in fact constituted a nuisance. If anything in *Smith* v. *Floyd County,* 36 *Ga. App.* 554 (137 S. E. 646), is inconsistent with the ruling here made, it must give way to the ruling here made, which is in accordance with the rulings of the Supreme Court in *Howard* v. *County of Bibb,* supra, and in the subsequent case of *Floyd County* v. *Fincher,* 169 *Ga.* 460, 462 (150 S. E. 577).

3. The petition showing on its face that any right of action which may have been maintained against the county was barred by the statute of limitations, the court erred in not sustaining the demurrer.

*Judgment reversed.* *Stephens and Bell, JJ., concur.*