20537. NORRIS *v.* STATE HIGHWAY DEPARTMENT *et al.*

Decided February 17, 1931. Rehearing denied February 27, 1931.

*J. F. Hatchett, W. S. Allen,* for plaintiff.

*N. F. Culpepper,* for defendants.

Bell, J. W. S. Norris brought suit against Meriwether county and the State highway department, in the superior court of Meriwether county, to recover for damage to the plaintiff's land resulting from the improper construction of certain culverts on State route No. 41, in that the water of a certain creek was caused to pond upon the plaintiff's land and to destroy its usefulness for the purpose of agriculture. The petition was drawn upon the theory that the highway, including the culvert in question, was constructed jointly by the county and the State highway department, and that they were liable as joint wrongdoers. The petition alleged that the State highway department is a department of the State of Georgia, with the right and power to be sued, and that its principal office is in Fulton county. At the close of the evidence the court granted a nonsuit as to both defendants, and the plaintiff excepted.

We think the court properly awarded the nonsuit. There was no evidence whatever that the county was a party to the construction of the highway or the culverts, and the evidence therefore failed to show that the county was liable. The plaintiff having brought the suit in Meriwether county against the State highway department as a nonresident, and having sought to establish the jurisdiction of the court over this defendant by alleging that the wrongs complained of were committed jointly by this defendant and the resident defendant, to wit, Meriwether county, it was necessary to show the resident defendant liable in order to maintain the suit in that county against the nonresident defendant; and the evidence failing to establish this fact, the nonsuit was properly granted as to both defendants. *Central of Georgia Ry. Co.* v. *Brown,* 113 *Ga.* 414 (3) (38 S. E. 989, 84 Am. St. R. 250); *Flemming* v. *Drake,* 163 *Ga.* 872 (3) (137 S. E. 268); *Christian* v. *Terry,* 36

*Ga.* 815 (138 S. E. 244) ; *Williams* v. *Atlanta National Bank,* 31 *Ga. App.* 212 (5), 220 (120 S. E. 658), and cit.

The court did not err in refusing to allow in evidence certain resolutions of the board of county commissioners of Meriwether county tending to indicate that the State highway department was made the agent of the county to do construction work upon State route No. 41. The plaintiff could not in this way establish liability against the county as for acts done by the county through the State highway department as its agent. The evidence showed without dispute that State route No. 41 had been taken over by the highway department, as a part of the State system, and thus that the State highway · department and not the county, if either, would be responsible for the damages here claimed. Ga. L. 1919, p. 242, art. 5, § 2, prov. 5. This road having been made a part of the State system, the work done thereon by the State highway department was necessarily performed by it as principal, and not as agent for the county. Ga. L. 1919, p. 242, art. 4, § 1; art. 5, § 1 (Michie's Code of 1926, § 828(1) et seq.) ; *Millwood* v. *DeKalb County,* 106 *Ga.* 743 (32 S. E. 577).

Whether jurisdiction of the State highway department could have been established in the superior court of Meriwether county by a suit against the county, with proper allegations to raise the duty of the county to vouch in the State highway department, as provided in article 5, § 2, provision 5 of the act of 1919, is not a question for decision in the present case. The plaintiff did not adopt this procedure, but brought the suit under the general law with respect to suits against wrongdoers one of whom is a nonresident, and is bound by the rule applicable in such cases. The present suit is expressly made an action for damages for an alleged nuisance, in which the county of course could not be held liable either as principal or agent (*Floyd County* v. *Fincher,* 169 *Ga.* 460, 150 S. E. 577; *Bibb County* v. *Green,* 42 *Ga. App.* 552, 156 S. E. 745), but we place our ruling upon the different ground that the plaintiff did not show that the county had in any way participated in the construction of the culverts in question, the plaintiff having in this respect failed to prove his case as laid, irrespective of whether the evidence was sufficient to show the creation of a nuisance. *Kelly* v. *Strouse,* 116 *Ga.* 872 (4 *d*) (43 S. E. 280).

Under the record made, it is unnecessary to decide whether or

not the State highway department might be held liable for such a cause, and we are not to be understood as intimating anything as to whether or not liability might be established against that defendant in other circumstances or in some other proceeding. We affirm the judgment of nonsuit for the reason stated, without any adjudication with respect to other questions. See, in this connection, *State Highway Department* v. *Ward*, 42 *Ga. App.* 220 (155 S. E. 384), decided on demurrer.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*