DECIDED JULY 25, 1931.

21146. FELTON *v.* MACON COUNTY.

DECIDED JULY 25, 1931.

*Jule Felton,* for plaintiff.

*R. L. Greer, John B. Guerry, John M. Greer, S. M. Mathews,* for defendant.

BELL, J. This was a suit by J. W. Felton against Macon County, to recover damages alleged to have been sustained by the plaintiff by the relocation of a State highway passing through the city of Oglethorpe, and by the incident obstruction of a certain street adjacent to the plaintiff's hotel property situated in· that city,

whereby the hotel was left in an unprofitable location and its rental value practically destroyed and its market value greatly depreciated. The defendant demurred to the petition, upon various grounds, and, the demurrer being sustained, the plaintiff excepted. The plaintiff contends that the petition could be construed as an action for damages either for the creation and maintenance of a nuisance or for the damaging of private property for public purposes without just and adequate compensation being first paid, and that in either view a cause of action was stated, with the right in the plaintiff to elect at the trial as to which theory he would proceed upon. One ground of the demurrer was that the claim was not presented to the county, and that suit was not filed thereon, within twelve months after the cause of action accrued. Being of the opinion that this ground of the demurrer was well taken and properly sustained, we will make reference only to such allegations as are pertinent to this question.

The suit was filed on March 4, 1930, and showed that the plaintiff presented his written claim to the county on January 7, 1930. The petition alleged that "the original construction of said embankment complained of was finished in December, 1928; it was opened as a road and highway about February, 1929; [and] the paving will be completed by December 1, 1930." "In addition to said embankment said county has erected banisters or wooden posts on both sides of said embankment, connected to each other on each side of the embankment by mesh wire, which makes the blocking and closing and obstruction of [the street in question] the more nearly complete." The plaintiff's loss of rents did not begin until September 1, 1929, when an existing lease expired, after which date he was never able to procure another tenant.

The petition alleged that the place of the erection of the embankment is under the jurisdiction of the State Highway Department, "it having by proper notice made the same a part of the State-aid road system, and the design of the suit in this case is to reach the Highway Department as vouchee for tort and damage complained of in said case, and the suit against Macon County is designed to follow the express statutory provision in the creation and direction of the State Highway Department as now provided by the law of this State, and only such liability is claimed against the County of Macon as is necessary by said act."

With the exception of this averment, the suit appeared to be aimed and directed solely against Macon County, as the county alone was named as a defendant, and there was no prayer for process against any other person.

It is now settled that a county can not be held liable in damages either for the creation or the maintenance of a nuisance. *Bibb County* v. *Green,* 42 *Ga. App.* 552 (2) (156 S. E. 745); *Floyd County* v. *Fincher,* 169 *Ga.* 460, 462 (150 S. E. 577). Whether the same rule should be generally applicable to the State Highway Department, it must be applied in the instant case, since the plaintiff is seeking to reach the State Highway Department through a judgment against the county.

As to the claim that the suit may proceed as an action under the constitutional provision against the taking or damaging of private property for public purposes without just and adequate compensation being first paid, the plaintiff is still in the position of seeking a recovery against the State Highway Department by means only of a suit against the county, and can not prevail without showing that he is entitled to a judgment against the county. Par. 5 of sec. 2 of art. 5 of the act of August 18, 1919 (Ga. L. 1919, p. 242, Park's Code Supp. 1922, § 828(ppp), Michie's Code, § 828(19)), reorganizing the State Highway Department, provides as follows: That when any portion of the designated State-aid road system is taken under the jurisdiction of the State Highway Department, "the county or counties in which said portion is located shall not thereafter be required to levy taxes for the construction or maintenance of said portion, or to use any of its funds or road forces in the construction or maintenance thereof, provided that the State Highway Department shall defend all suits and be responsible for all damages awarded against any county under existing laws, and whenever the cause of action originates on highways jurisdiction over which shall have been assumed by said Highway Department under the terms of this act, and provided that any county sued shall voucher said Highway Department to defend such litigation, by furnishing said Highway Department with a notice to defend such suit, to which said notice shall be attached a copy of the declaration served on said county, and provided that said notice shall be given said State Highway Department at least ten days prior to the return day on which said suit must be

answered, and provided further that said State Highway Department shall have the right and authority to adjust and settle in the name of such county and on its own behalf any claim for damages for which said State Highway Department may be ultimately [the word intimately is erroneously used in the printed act] liable under the terms of the preceding proviso."

By his own express declaration the plaintiff is proceeding under this provision, and his right to a recovery must be limited thereby. He has not brought a joint suit against the county and the State Highway Department, as was done in the case of *State Highway Board* v. *Ward, 42 Ga. App.* 220 (155 S. E. 384), and his claim against the State Highway Department must depend upon the allegation and proof of such facts as will entitle him to a judgment against the county. Regardless of intimations in *Habersham County* v. *Cornwall, 38 Ga. App.* 419 (144 S. E. 55), it may be that the only purpose of this provision was to give the county a right of action over against the State Highway Department as vouchee, similar to that provided by the Civil Code (1910), § 5821; but as to this it is unnecessary to express any opinion at the present time. Whether or not there is inconsistency between the cases of *Edmonds* v. *State Highway Board, 37 Ga. App.* 812 (142 S. E. 214), and *State Highway Board* v. *Ward,* supra, nothing was decided in either of these cases contrary to the conclusion we have reached in the present case, namely, that in a suit in which the plaintiff proceeds only against a county, but alleges facts under which the county may vouch the State Highway Department into court in order that it shall defend the suit and be responsible for any damages awarded against the county, the plaintiff is bound to establish liability against the county "under existing laws" before he is entitled to any recovery or relief against the State Highway Department.

Section 411 of the Civil Code of 1910 provides that "all claims against counties must be presented within twelve months after they accrue or become payable, or the same are barred," except as to persons laboring under disabilities. From the allegations of the petition it appears that the construction of the embankment complained of was finished in December, 1928, and this should be taken as the date when the cause of action accrued. The obstruction and closing of the street adjacent to the plaintiff's hotel was

accomplished by the erection of this embankment, and the plaintiff's right to damages, if any, attached immediately upon the completion of this work; and this is true notwithstanding the extent of the resulting damage was not immediately ascertained. In *Gate City Terminal Co.* v. *Thrower,* 136 *Ga.* 456 (2), 464 (71 S. E. 903), it was said that "the time at which the value of property taken for public purposes should be fixed is the time it is taken, or the right to take it is complete." See also, in this connection, *Austin* v. *Augusta Terminal Ry. Co.,* 108 *Ga.* 671 (3), 685 (34 S. E. 842, 47 L. R. A. 755); *Howard* v. *County of Bibb,* 127 *Ga.* 291 (56 S. E. 418); *Crawford* v. *Gaulden,* 33 *Ga.* 173 (8); *Lilly* v. *Boyd,* 72 *Ga.* 83; *Gould* v. *Palmer,* 96 *Ga.* 798 (22 S. E. 583).

Since it appeared that no written claim had been presented to the county and no suit filed and served within twelve months after the accrual of the cause of action, the suit as against the county was subject to the demurrer interposed; and the petition, being thus fatally defective as against the county, could not be retained for the purpose of adjudicating some supposed or alleged right as between the plaintiff and the State Highway Department. *Maddox* v. *County of Randolph,* 65 *Ga.* 217 (2); *Pearson* v. *Newton County,* 119 *Ga.* 863 (47 S. E. 180); *Elbert County* v. *Swift,* 2 *Ga. App.* 47 (58 S. E. 396); *Elbert County* v. *Chapman,* 15 *Ga. App.* 197 (2) (82 S. E. 808).

· The petition *as drawn* did not invoke the provision of the act of 1925 (Ga. L. 1925, pp. 208, 211) that the State Highway Department may be sued, but, as indicated above, is a proceeding under the act of 1919, with an attempt to cause the State Highway Department to be vouched in by the defendant. From what has been said, the county can not here be considered as a mere nominal party, so that the provisions of section 411 would be inapplicable, regardless of whether the provisions of this section should be complied with in a suit brought directly against the State Highway Department; nor is it necessary in the present case to determine where, in what manner, or as to what causes of action the State Highway Department may be sued directly under the act of 1925.

The record in the *Ward* case, supra, shows that no question as to venue was raised by the State Highway Board in that case, except that it was urged that the county was not a proper party and for that reason the court did not acquire jurisdiction over

the State Highway Board. Were the county and the State Highway Board joint tort-feasors within the meaning of the constitutional provision stated in section 6541 of the Code? It has been said that an action for taking or damaging private property for public purposes does not sound in tort; and if this be correct, is there any other theory under which a county and the Highway Board or Department may be sued jointly, where a question of venue is raised by the one not sued in the county of his residence? In what county (or counties) is the residence of the State Highway Board or Department? Should it be sued as the State Highway Board or as the State Highway Department, or should the suit be brought against the members of the board in their official capacities? See, in this connection, *Edmonds* v. *State Highway Board,* supra; *Norris* v. *State Highway Department,* 42 *Ga. App.* 699 (157 S. E. 382); *City Council of Augusta* v. *Lamar,* 37 *Ga. App.* 418 (2) (140 S. E. 763); *Atlanta Terra Cotta Co.* v. *Georgia Ry. &c. Co.,* 132 *Ga.* 537 (5) (64 S. E. 563); *Mauck* v. *Rosser,* 126 *Ga.* 268 (55 S. E. 32); *State Highway Department* v. *Harrell,* 168 *Ga.* 121 (146 S. E. 830); *Lincoln County* v. *Gazzaway,* 43 *Ga. App.* 358 (158 S. E. 647).

These are questions which have presented themselves to mind in our study of the present case, but they, of course, do not arise for decision at this time, and our reference to them is merely for the purpose of suggesting some of the problems that may be in order for consideration in any contemplated action for a money recovery against the State Highway Board or Department. For the reasons stated, the petition in the present case was subject to the demurrer interposed, and was properly dismissed.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*