## 23620. Page v. Washington County et al.

Sutton, J. The plaintiff brought suit against Washington county, alleging that within twelve months from the date of the filing of the petition, the State highway department damaged him by taking his property for the purpose of constructing a State-aid road in said county, without paying to him just and adequate compensation therefor. The petition set up that his property was damaged by the employees of the State highway department in constructing said State-aid road in said county, and prayed that the highway department be vouched into court to defend the action against the county, and for judgment against the county. The State highway department was vouched into court by the county, and in its behalf and in behalf of the county demurred to the petition, on the grounds that it set forth no cause of action against the county or against the department, and that if it does set forth a cause of action, the same is against the department and not the county, the alleged acts causing the damage to plaintiff's property being the acts of employees of the highway department and not of the county, and that the plaintiff should have proceeded directly against the State highway department in the proper manner and not have sued the county, and asked that the highway department be vouched in to defend the proceedings. The court sustained this demurrer and dismissed the petition, and to this judgment plaintiff excepts. *Held:*

1. "While, as a general rule, a county is not liable to suit unless there is a law which in express terms or by necessary implication so declares, yet the appropriate law may be found in the constitutional provision that private property shall not be taken or damaged for public use without just compensaton being first paid. When private property is taken or damaged by the authorities of a county, or their duly authorized servants, for the use of the public, without just compensation being first paid, a right of action arises in favor of the owner of the property, which may be enforced by suit against the county, and the owner is entitled to recover adequate compensation for the property taken or damaged." *Rheberg* v. *Grady County*, 27 *Ga. App.* 578 (109 S. E. 542); *Elbert County* v. *Brown*, 16 *Ga. App.* 834 (86 S. E. 651); *Habersham County* v. *Cornwall*, 38 *Ga. App.* 419 (144 S. E. 55).

2. However, under the act of August 18, 1919 (Ga. L. 1919, pp. 242, 249), reorganizing the State highway department, whenever a cause of action originates on a highway taken under the jurisdiction of the State highway department, and is a case in which the county would have been liable under existing laws had not the highway on which the cause of action arose been taken over by the State highway department under the act of 1919 and made a part of the State-aid system of roads, an action against the county may be maintained in the county wherein the cause of action arose, and the State highway department can be vouched into court to defend the action, and then that department will become responsible for whatever damages are awarded against the county in that proceeding. The fact that by the terms of the act of 1925 (Ga. L. 1925, pp. 208, 211), the highway department is empowered to sue, and made subject to suit generally, does not operate to repeal or invalidate

a proceeding of the particular nature and character authorized by the above act of 1919, instituted in accordance with the particular method prescribed therein. *Lincoln County* v. *Gazzaway*, 43 *Ga. App.* 358 (158 S. E. 647).

3. The petition in this case being directed against the county, being filed in the county wherein the cause of action arose, and being for a cause of action for which the county would have been liable under existing laws had not the same occurred by reason of the construction of a State-aid road in the county, and the highway department being properly vouched into court to defend the action, the petition was not subject to dismissal on the ground that there was no cause of action against the county, but that the allegations of the petition showed that the cause of action, if any, was against the State highway department, and that that department should have been sued directly, and not the county.

4. It follows that the court below erred in sustaining the general demurrer to the petition and in dismissing the petition.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED MARCH 16, 1934.

*J. C. Newsom,* for plaintiff.

*C. E. Mayo, J. E. Hyman, S. M. Mathews, B. S. Miller,* for defendants.