## TOUNSEL *v.* STATE HIGHWAY DEPARTMENT OF GEORGIA.

No. 10161.    January 18, 1935.

*Lamar C. Rucker* and *Erwin, Erwin & Nix,* for plaintiff.
*B. S. Miller, assistant attorney-general, S. M. Mathews,* and *Carlisle Cobb,* for defendant.

GILBERT, Justice. The question here propounded is restricted to the sole consideration of whether the State Highway Department of Georgia is subject to a suit for damages, brought by an employee of a bridge contractor, injured by the collapse of the structure in process of completion, by reason of improper and defective material used in the construction of the bridge and the negligent construction thereof, the engineer having the structure in charge representing the State Highway Department, having knowledge of the defects and the negligence, and failing to warn the person injured. The precise question has not heretofore been decided by this court. A number of cases have been decided in which the State Highway Department was a party, but this question was not raised. They were based upon different facts, and sought entirely different relief. The Code of 1933 provides: "The State Highway Department of Georgia is hereby reorganized and reconstituted as hereinafter provided, and said Department shall at once succeed, without interruption, to the duties and powers of the former State Highway Department, not in conflict with chapters 95-15 to 95-17, and shall have full power and control in the performance and doing of all the things provided for in this law." § 95-1501. "Each distributor of fuels and kerosene engaged in such business in this State shall, on or before the 20th of each month, pay to the comptroller-general the occupation tax of six cents per gallon on fuels and one cent per gallon on kerosene, on all fuels and kerosene sold or used during the immediately preceding calendar month." § 92-1407. "All moneys collected under the provisions of this chapter shall be paid into the State treasury. The comptroller-general is hereby authorized to appoint a clerk who shall collect the tax provided for in this chapter," etc. § 92-1409. Section 92-1411 provides for disbursement of the State-aid road fund monthly upon warrants drawn by the Governor upon itemized statements showing all expenses of any kind whatsoever. Thus we see that the powers and duties of the State Highway Department are clearly stated in the statute, as is the source from which the funds for road purposes are derived, the payment to the comptroller-general, payment by the latter into the State treasury, and the manner of disbursement. In addition, the State is obligated to comply with the Federal statutes under which funds are appropriated by the Federal government to the State of Georgia. Code of 1933, § 95-1502. The provision of that section

is as follows: "The assent of the State to the terms and provisions of the act of Congress approved July 11, 1916, known as the 'act to provide that the United States shall aid the States in the construction of rural post-roads, and for other purposes,' is hereby continued; and the State Highway Department shall discharge all of the duties arising under said act of Congress to be performed by a State Highway Department, and is hereby constituted the proper agency of the State to discharge all duties arising under any amendment or amendments to said act of Congress, or under other acts of Congress allotting Federal funds to be expended upon the public roads of this State." In the discharge of the duties arising under the act of Congress the State Highway Department is constituted the *"proper agency of the State"* to discharge 'all of said duties. Section 95-1505 is as follows: "The Highway Department may sue and be sued and may make settlement of all claims presented to it under oath." It is insisted that this provision of law authorizes the present suit. If that is true, it must follow that the State Highway Department is subject to suits generally, as are persons and corporations not performing governmental functions. The legal status of the State Highway Department is somewhat akin to that of a county in Georgia, and the same contention has been made with reference to suits against counties as is now made in the present instance. In *County of Monroe* v. *Flynt,* 80 *Ga.* 489, 490 (6 S. E. 173), it was stated: "The liability of the county to be sued for damages is a statutory liability. There is no liability on the county for any cause whatever, except such as created by statute. Counties are not liable at common law; and it is for the reason that the several counties of the State are political divisions, exercising a part of the sovereign power of the State; and they can not be sued except where it is so provided by statute." That ruling was followed in *While Star Line Co.* v. *County of Gordon,* 81 *Ga.* 47 (7 S. E. 231).

"Every county is a body corporate, with power to sue or be sued in any court." Code of 1933, § 23-1501. "A county is not liable to suit for any cause of action unless made so by statute." § 23-1502. This court held, in *Hammond* v. *County of Richmond,* 72 *Ga.* 188, that "The county is not responsible in damages for the tort of one of the guards, in unlawfully beating a convict in the chain-gang, nor for the negligence of the rest of the guards in not

protecting the convict from the unlawful beating." Likewise in *Smith* v. *Wilkes and McDuffie Counties*, 79 *Ga.* 125 (4 S. E. 20), the action was against the two counties, the plaintiff alleging that they had constructed a bridge across Little River, a stream dividing the counties, that the plaintiff had a mill upon the stream, and that the mill was damaged by obstructing the river with certain pieces of bridge-timbers and the throwing in of great quantities of stone, thereby causing a raft to form. The court said: "It would seem altogether more reasonable to hold that, if one person damage another for the use of the public, the person who inflicted the damage should be responsible, and not the public, though benefited." There are numerous other decisions to the same effect. In *Millwood* v. *DeKalb County*, 106 *Ga.* 743 (32 S. E. 577), Mr. Justice Cobb elaborately discussed the liability of counties and the Code section (1895, § 341; 1910, § 384; 1933, § 23-1502), in the light of all previous legislation and of previous cases decided by this court, and said: "Does this section impose a liability upon a county to be sued in all cases where ordinary corporations are so liable under the law? Or is it simply a declaration that a county may be sued, but the right to sue is limited to those cases only where the General Assembly has given the permission? This question was presented to this court in the case of *Scales* v. *Ordinary of Chattahoochee County*, 41 *Ga.* 225. Judge McCay, speaking for himself and Chief Justice Brown, there said: 'Counties, as corporations, stand upon an entirely different footing. They are, as we have said, mere subdivisions of the State. . . The State is never suable except by express enactment, and this is also true of subdivisions of the State. They are parts of the sovereign power, clothed with public duties which belong to the State, and for convenience divided among local organizations. We are the more clear in this view of the law, from the fact that the Code provides two cases in which counties may be sued for damages caused by neglect to keep bridges in repair. . . It seems to us that the declaration of the Code, that the county shall be liable in these two cases, is a strong legislative intimation that it was not liable in other cases.' . . In *Dent* v. *Cook* 45 *Ga.* 323, Judge McCay uses this language: 'The county, it is true, is a corporation. Code, § 525. But this is only for certain specific purposes. This section of the Code is not even to be understood as putting counties on a footing of ordinary municipal cor-

porations, such as cities and towns. They are created, and have special duties and special privileges, regulated by the charter of each, are sought for, and their charters may be forfeited, or lost by non-user and the judgment of courts. But the counties are subdivisions of the State, imposed upon the people for State purposes.' " Coming to the section now embraced in the present Code, § 23-1502, "A county is not liable to suit for any cause of action unless made so by statute," Mr. Justice Cobb said: "It is but a brief and concise statement of the law as it has been evolved by the decisions which have been alluded to. It is contended, however, that the restriction contained in this section upon the right to sue a county only applies in cases which arise from the negligent performance of a work which the county authorities are compelled by law to do; and that where the county authorities are engaged in doing an act about which they have a discretion either to do or not to do, the negligent performance of such work will render the county liable in damages to the party aggrieved. This contention can not be sustained. It is based upon a fallacy, that the county is liable in all cases unless it is declared not to be liable, and that the Code declares it not to be liable in cases where the authorities are compelled by law to do the work which was the cause of the damage. The correct position is this, as fully appears from the decisions above cited: The county, being a political division of the State, is not liable to be sued, unless special authority can be shown, and it is incumbent upon the person filing the suit to bring his case within the legislative authority upon which he relies to bring the suit." To the same effect see *Wood* v. *Floyd County,* 161 *Ga.* 743 (131 S. E. 882).

The immunity from suit in the case of counties is based upon the fundamental principle that they are subdivisions of the sovereign State; and that since the sovereign State can not be sued without its consent, a county can not be sued without the consent of its creator, the State. Likewise, the State Highway Department is a part of the sovereign State, an agent or servant of the State, and it can not be sued without the express consent of the sovereign. We think that there can be no doubt that the acts of the State Highway Department are the acts of the State of Georgia. The State, in the construction and maintenance of highways through the State

Highway Department, performs a governmental function. In dealing with the Federal government in regard to the acceptance and use of Federal funds, it appoints the State Highway Department as an agent representing the State of Georgia. The Highway Department has no powers and no functions except those expressly authorized by the State. It can obtain no funds, nor can it disburse any funds, except as expressly authorized by the State. All funds paid out through the State Highway Department are paid out by the State of Georgia for specified purposes, and such funds can not be diverted by the State Highway Department to any other purpose. Even if a money judgment for personal injuries be obtained against the State Highway Department, there would be no funds in their possession subject to the satisfaction of such judgment. But it is insisted that under the statute the State has authorized the suit against the State Highway Department. It is true that the State Highway Department is authorized by the State to sue and to be sued. It should be noted, however, that nowhere does the statute declare in terms that the State Highway Department is a body politic or a corporation. It merely gives the right to sue and to be sued. Manifestly that question has to be considered in connection with other principles of law applicable thereto, as in the case of counties. The statute declares that every *county* is a body corporate with power to sue and to be sued; and the contention was made that that statute authorized suits generally, but that contention was denied by decisions of this court. As already shown, this court has held that the power of counties to sue and to be sued was only for special purposes. Likewise, the power to sue and to be sued in the case of the State Highway Department is only for special purposes. We think that there can be no question that a suit may be brought against the State Highway Department by mandamus, injunction, and the like. The question before us does not ask whether the State Highway Department may be sued where they have taken private property for public use without just compensation first paid, as is guaranteed by article 1, section 3, paragraph 1, of the constitution of the State of Georgia. In that connection, however, we note that in the *Millwood* case, supra: "The violation by a county of a constitutional right of the citizen must by necessary implication raise a cause of action in favor of the citizen against the county, unless some means of redress other than suit

has been afforded by the legislature." In this connection, see the following cases cited by petitioner: *Edmonds* v. *State Highway Board*, 37 *Ga. App.* 812 (142 S. E. 214); *Habersham County* v. *Cornwall*, 38 *Ga. App.* 419 (144 S. E. 55); *Norris* v. *State Highway Department*, 42 *Ga. App.* 699 (157 S. E. 382); *State Highway Board* v. *Ward*, 42 *Ga. App.* 220 (155 S. E. 384). None of those cases, nor any other case cited, nor any of which we are aware requires a different result. A consideration of many cases by this court, as well as those decided by the Court of Appeals, makes apparent the need of a definite and controlling decision on the question which we answer.

The Code (1933), § 95-1710, provides as follows: "The State Highway Department shall defend all suits and be responsible for all damages awarded against any county *under existing laws* (italics ours), whenever the cause of action originates on highways, jurisdiction over which shall have been assumed by said Highway Department under the terms of this law. Any county sued may vouch said Highway Department to defend such litigation, by furnishing said Highway Department with a notice to defend such suit, to which said notice shall be attached a copy of the petition served on said county. Said notice shall be given to the State Highway Department at least 10 days prior to the return day of the term at which said suit must be answered. The State Highway Department shall have the right and authority to adjust and settle in the name of such county and on its own behalf any claim for damages for which the State Highway Department may be ultimately liable under the terms of this section." This section, however, does not authorize a suit to be brought directly against the State Highway Department. It merely provides that in suits against counties the State Highway Department may be vouched in the manner provided in the statute. The right, under section 95-1505, to "make settlement of all claims presented to it under oath," certainly does not include the right to sue the State Highway Department for damages for personal injuries, due to negligence of its engineers. It rather refers to such matters as are expressly provided in section 95-1710. It refers to claims for damages *against a county,* and these claims must have originated under laws *existing* when the highway is taken over as a State-aid road by the State Highway Department, and where the State Highway

Department "may be ultimately liable" (§ 95-1710), not primarily liable. The facts of this case do not make a case to which that section applies. We hold, therefore, that while the statute provides that the State Highway Department may sue and be sued, such suits must be those provided by law. To hold otherwise would be to run counter to a long line of well recognized principles and decisions that neither a State nor a county, nor even a municipality, is liable for failure to perform or errors in performing their legislative or judicial powers, that is, in the performance of governmental functions. The subject of governmental functions with respect to suits was discussed by Mr. Justice Atkinson in *Cornelisen* v. *Atlanta,* 146 *Ga.* 416 (91 S. E. 415). That was a suit against a municipality. The headnote furnishes a statement of the law which is thoroughly elaborated in the opinion, and is as follows: "Where a city maintains a park primarily for the use of the public, intended as a place of resort for pleasure and promotion of health of the public at large, its operation is in virtue of the governmental powers of the municipality, and no municipal liability would attach to the non-performance or improper performance of the duties of the officers, agents, or servants of the city in respect to keeping the park safe for use by members of the general public. It would not affect the public character of the duties of the officers, agents, or servants of the city that a purely incidental profit might result to the city from its operation or management of the park." See also *City of Warrenton* v. *Smith,* 149 *Ga.* 567 (101 S. E. 681); *McClatchey* v. *Atlanta,* 149 *Ga.* 648 (2) (101 S. E. 682); *Miller* v. *Macon,* 152 *Ga.* 648 (110 S. E. 873), and cit. The acts done by the engineer in the present case were in the performance of a governmental function. We think that a contrary contention can not be successfully maintained. It can not be insisted that the State, in maintaining that department, derives any profit. On the contrary, the entire road building enterprise is for the benefit of the general public. The State Highway Department can not be sued as a defendant for damages as set out in the question propounded. We will not cite and discuss all of the cases cited in the briefs of the respective parties. All have been considered. Nothing decided in any of them requires a different answer.

■ The second headnote does not require discussion.

*All the Justices concur, except*

RUSSELL, C. J., who dissents on the ground that the State Highway Department is subject to suit.