### 26447. GWINNETT COUNTY v. ALLEN et al.

Decided November 30, 1937.

*W. Glenn Thomas, J. M. C. Townsend, Marvin A. Allison,* for plaintiff in error.

*Pemberton Cooley,* contra.

FELTON, J. W. M. Allen and H. D. Allen sued the County of Gwinnett, alleging that their lands were rendered unfit for cultivation, because they were subjected to overflows by reason of negligent and improper construction, by the State Highway Department, of a bridge and embankment on a road in Gwinnett County under the jurisdiction of the highway department; that the lands were rendered unfit for cultivation; and that the injury was permanent because of such floodings, and because the lands on that account had become a menace to the public as a breeding place for malarial mosquitoes. Damages were prayed for $5000 for the damages alleged. It was specifically alleged that the highway department was liable for damages and injuries done to petitioners' property in taking the same for public use without just

754

compensation being first paid. The alleged injury was done while the act of 1933 (Ga. Laws 1933, p. 172; Code, § 95-1721) was in effect. The highway department was vouched into court, and filed a demurrer on behalf of the county. The demurrer was overruled, and the county excepted.

It was not error to overrule the general demurrer to the petition. The constitution of the State of Georgia provides that "Private property shall not be taken, or damaged, for public purposes, without just and adequate compensation being first paid." Code, § 2-301. While a county is not subject to suit unless the authority therefor is provided by statute or the constitution a county is liable for damages resulting from the taking or damaging of private property for public purposes without the payment of just and adequate compensation. *Smith* v. *Floyd County*, 85 *Ga.* 420 (11 S. E. 850). The constitutional provision above is all inclusive, and covers taking or damaging of private property whether brought about by action involving proper and diligent construction or taking, or negligent damaging or taking. *Bates* v. *Madison County*, 32 *Ga. App.* 370 (123 S. E. 158). In either event the citizen's constitutional right is violated and he is entitled to just and adequate compensation. The case of *Tounsel* v. *State Highway Department*, 180 *Ga.* 112 (178 S. E. 285) is not applicable because it was not a suit for damages for the taking or damaging of private property for public purposes. The case of *Smith* v. *Wilkes and McDuffie Counties*, 79 *Ga.* 125 (4 S. E. 20) is not applicable, because a county is not liable in connection with the construction of a county-line bridge, unless it fails to take a bond as required by law and the law with reference to intra-county bridges has no application to county-line bridges. The suit in *Floyd County* v. *Fincher*, 169 *Ga.* 460 (150 S. E. 577), was not a suit for damages for the taking or damaging of private property, but was a suit for injunction to abate an alleged continuing nuisance. The suit in *Howard* v. *County of Bibb*, 127 *Ga.* 291 (56 S. E. 418) was not a suit for the permanent damage or taking of private property. The same is true of *Ellis* v. *Floyd County*, 24 *Ga. App.* 717 (102 S. E. 181). The suit in *City Council of Augusta* v. *Lamar*, 37 *Ga. App.* 418 (140 S. E. 763) was not one for *direct* damage to the property, but was based entirely on consequential damages resulting from a combination of circumstances. The suit in *Bibb County* v. *Green*, 42

*Ga. App.* 552 (156 S. E. 745), was a suit for damages on account of a continuing nuisance, and not for a permanent, direct damage. The fact that the legislature provided that a county should not pay for a right of way on a State road could not authorize it to take or damage private property nor could it relieve the highway department from liability under the act of 1919, Ga. Laws 1919, p. 242, art. 5, sec. 2, provision 5 (Code, §§ 95-1709, 95-1710). The purpose of this act was to make the highway department liable for damages in suits wherein the county would have been liable if it had done the acts complained of on its own authority. *Page v. Washington County,* 48 *Ga. App.* 791 (173 S. E. 868). See *Norris* v. *State Highway Department,* 42 *Ga. App.* 699 (157 S. E. 382). A county is liable for the taking or damaging of private property for public purposes under the constitution, and the fact that the highway department did the alleged damage during a time it was sought by legislative action to relieve counties from furnishing rights of way does not affect the liability in such circumstances.

It is contended by the highway department that the action is for damages for an abatable, continuing nuisance. Where a governmental authority builds a public improvement, and by reason of its negligent construction takes or damages private property for public purposes, even if the nuisance created is abatable, it is not reasonable to say that a citizen shall be deprived of his constitutional rights merely because the nuisance might be abated. So far as the parties are concerned in such a situation, the nuisance is presumed to be permanent; and if the authorities permit the nuisance to go unabated till a judgment is rendered, they can not complain. Their duty is to abate the nuisance or pay the damages. There is no presumption that a nuisance created in the construction of a permanent public improvement will be abated. The petitioners in this case treated the damage alleged as permanent, and sued for the permanent, direct damage to their property. The highway department will not be heard to say that there is no cause of action because the nuisance is abatable, and at the same time refuse to abate it. There was no error in overruling the demurrer. *Judgment affirmed. Sutton, J., concurs.*

STEPHENS, P. J., concurs in the headnote and in the judgment.