ARLINE, next friend, vs. LAURENS COUNTY.

Sections 669, 670, 671 and 691 of the Code contain the conditions upon which a party injured, in consequence of defects in bridges or ferries, may have a right of action against the county where they are located; and in order to entitle him to maintain the action, some one of these conditions must be alleged and proved. By implication from the liability imposed where toll is charged, such liability does not exist where the bridge or ferry is free.

February 26, 1887.

County Matters. Roads and Bridges. Ferries. Before Judge SIMMONS. Laurens Superior Court. January Term, 1886.

Reported in the decision.

JOHN M. STUBBS; W. R. DALY, for plaintiff in error.

R. A. STANLEY; T. L. GRINER; J. E. HIGHTOWER; ROBERTS & SMITH, for defendant.

HALL, Justice.

The plaintiff brought suit against the county of Laurens for the homicide of her husband, who was drowned in crossing the Oconee river, at a ferry belonging to the defendant, near Dublin. She alleges in her declaration that

her husband was drowned in consequence of the faulty and negligent construction of the defendant's ferry-boat, and the careless and negligent conduct of its ferryman. The declaration, however, failed to state that toll was charged at the ferry, or that it was established by contract, and that no bond, with good security for the faithful performance of the contract, and to indemnify for all damages occasioned by the failure to do so, was taken by the county. Under the proof and the charge of the court, a verdict was found for the defendant, and the plaintiff made a motion for a new trial on several grounds, which was overruled, and to the judgment so overruling her motion she excepted, alleging, among other things, that the judge erred in charging the jury, "If it appeared from the evidence that the ferry was owned by the county, and was a free ferry, the plaintiff could not recover."

This is the material question in the case. Without one of these allegations, we are satisfied that no recovery could be had, and the verdict found was imperatively demanded.

By section 669 of the Code, it is provided that the "ordinary may put a ferry or causeway, or both, or may establish a toll-bridge for the benefit of the county; but when on any such ferry, etc. toll is charged, the county is liable as individuals owning them."

By section 670, sub-sections 1 and 2, the ordinaries or the several counties have authority to appoint the places for the erection of public bridges, county ferries, etc., and to make suitable provision for their erection and repairs by letting them out to the lowest bidder, hiring hands, or in any other way that may be for the public good and agreeable to law; and it is made their duty to require sufficient bond and good security for the faithful performance of all such works and contracts, and to indemnify for all damages occasioned by a failure so to do. By section 671, when a public bridge, ferry, etc. is let out, the contractor must, in his bond, make a condition also to keep it in good repair for at least seven years, and as many more years as

the contract may be for. By section 691, if no bond or sufficient guarantee has been taken by the ordinary, the county is liable for the damages resulting from the insufficiency of the bridge or ferry-boat, etc. These statutes contain the condition upon which a party injured, in consequence of defects in bridges and ferries, may have a right of action against the county; and in order to entitle him to maintain the action, some one of these conditions must be set forth in the declaration and be proved as alleged. Upon this question, the views of various members of this court have not at all times been uniform; on the contrary, they have been directly antagonistic to one another. In the case of *Collins vs. Hudson*, 54 *Ga.* 25, it was unanimously held, under these sections of the Code, that when a suit is brought against a county for damages caused by a want of proper repairs to a public bridge, it should appear that the bridge was erected by letting it out to the lowest bidder, and that no bond was taken from the contractor faithfully to perform his contract, and to indemnify for all damages occasioned by a failure so to do, and to keep the bridge in good repair for seven years, and for such further time as may be embraced in the contract, and both of these facts should be alleged in the declaration. Both before and since that case, these conflicts in the opinions of various judges existed. In *The County of Gwinnett vs. Dunn*, 74 *Ga.* 358, the previous cases in question were reviewed, and the decision in 54 *Ga. ut sup.*, being that of a unanimous court, was followed because it could not be reversed by a majority of the court as then constituted, but only by the unanimous opinion of a full bench, upon leave granted to review it, and the then present bench not being unanimous, the result was an affirmance of the decision in that case. I then agreed with the late Chief Justice, that counties were liable for damages resulting from defective public bridges, whenever the proper authorities neglected the duties enjoined by law in building and keeping them in repair. Subsequent reflection and

a more careful study of the question have convinced me that the views then expressed were erroneous, and I now agree with my associates that the ruling in *Collins vs. Hudson*, 54 *Ga.*, is the law.

The charge complained of in this case was made upon the facts and pleadings before the court, and is in entire conformity with the views here expressed; the implication from the liability imposed on counties where toll is charged makes it clear that it does not exist where the bridge or ferry is free.

Judgment affirmed.