20918. LINCOLN COUNTY *v.* GAZZAWAY.

JENKINS, P. J. 1. Under the act for the reorganization of the State highway department, approved August 18, 1919 (Ga. L. 1919, pp. 242, 249, § 2, provision 5; Michie's Code (1926), § 828 (19-5)), when any portion of the state-aid road system is taken under the jurisdiction of the State highway department, the duty of the county to levy taxes for the construction and maintenance of any such road ceases, but the liability of the county for damages under existing law is continued, and it becomes the duty of the State highway department to defend any suit for damages brought against the county, whenever the cause of action originates on a highway taken under the jurisdiction of the highway department, provided the highway department is vouched into court by the county in the manner provided in the act; and when the highway department is thus vouched into court it becomes responsible for the damages awarded against the county. The provisions of this section of the act of 1919 operate to fix in the county in which the highway is situated the situs of litigation on account of claims against the highway department, in suits against the county as defendant, for any cause for which

a county is liable to suit under existing law, originating on a highway taken over by the highway department, and to provide a method by which service of any such suit against the county may be made upon the highway department so as to establish jurisdiction for the determination of such cause, as against the highway department, but proceeding against the county as defendant, in the courts of the county in which the highway upon which the cause of action originated is situated. The fact that by the terms of the act of 1925 (Ga. L. 1925, pp. 208, 211; Michie's Code (1926), § 828 (4)), the highway department is in general terms empowered to sue, and made subject to suit generally, does not operate to repeal or invalidate a proceeding of the particular nature and character authorized by the act of 1919, instituted in accordance with the particular method prescribed therein.

(a) Thus, where an injury was sustained by reason of the alleged defective condition of a bridge situated upon a state-aid road taken under the jurisdiction of the highway department, since the county would be liable to suit therefor under existing law (Civil Code of 1910, § 748), the action of the person injured was properly brought against the county as party defendant, and when the State highway department was vouched into court, as provided by the act of 1919 cited above, it became responsible for any damages awarded against the county.

(b) Under the foregoing rulings, the court did not err in overruling the general demurrer interposed in the instant case.

2. It is the duty of the county authorities to construct and maintain bridges across streams in a workmanlike and proper manner, so that any person may use them in safety, in ordinary travel (Civil Code of 1910, § 748; *Tattnall County* v. *Newton*, 112 *Ga.* 779 (38 S. E. 4*l*); *Stamps* v. *Newton County*, 8 *Ga. App.* 230 (5), 68 S. E. 947), and "a traveler on the public highway, exercising due care, although he may know there is some danger in driving over a defective bridge, may recover for injuries thus sustained, unless the danger is obviously of such a character that driving over the bridge, in and of itself, amounts to a want of ordinary care." *Elbert County* v. *Threlkeld*, 145 *Ga.* 133 (88 S. E. 683). In the instant case there was evidence which authorized a finding that the bridge in question was originally defectively constructed, as charged in the petition, in that the concrete wall upon either side of the stream, upon which the cross-beams were laid, were built close to the edge of the stream, upon the surface of the ground, so as to allow the action of the water to undermine them, and that the walls were built of an unreinforced mixture of concrete, sand, and gravel, mixed in such proportions as to permit the concrete to crumble, and that the floor of the bridge fell in by reason of the giving way of the concrete walls, leaving an open bridge in which the plaintiff drove his car at night.

(a) The fact that the plaintiff, on the occasion of the injury, may have been driving his automobile at a greater speed than allowed by law on approaching the bridge would not of itself preclude a recovery, since questions of diligence and negligence, including contributory negligence, and what negligence constitutes the proximate cause of an injury, are questions peculiarly for the jury. *Louisville & Nashville R. Co.* v. *Stafford*, 146 *Ga.* 206 (91 S. E. 29); *Faggart* v. *Rowe*, 33 *Ga. App.* 423 (126 S. E. 731); *Meriwether County* v. *Gilbert*, 42 *Ga. App.* 500 (156 S. E. 472).

(b) The evidence authorized, but did not demand, a verdict in favor of the plaintiff.

3. "County authorities are not insurers of the safety of county bridges, but are only bound to exercise ordinary care in maintaining and repairing them." *Warren County* v. *Evans*, 118 *Ga.* 200 (44 S. E. 986); *Stamps* v. *Newton County*, supra. In the instant case the judge charged the jury as follows: "I charge you in the beginning that it is the duty of the State highway department, after having assumed jurisdiction of this particular road in question, to keep its bridges in safe repair and in safe condition for travel. And I charge you that if these bridges are not kept in safe condition, that that would be negligence upon the part of the State highway department." This charge imposed upon the highway department a burden equal to that of an insurer, and stamped as negligence what might or might not be such under the particular facts of the case. It is true that in another and different portion of the charge, not in the same connection but given subsequently thereto, the judge charged the rule that the plaintiff could not recover unless the defendant was guilty of a lack of ordinary care, and proceeded to define what constituted ordinary care, but such later and independent portions of the charge were not inconsistent with the previous erroneous instruction 'as to the unqualified and specific duty resting upon the defendant, such as would make it an insurer, and such subsequent portion of the charge can not, therefore, be brought within the rule which recognizes that an erroneous charge will not afford a ground of reversal where the error is subsequently specifically corrected and withdrawn by other and independent parts of the charge; nor can it be brought within the rule that an erroneous or inaccurate statement as to the law will not afford a ground of reversal where in the same connection, and immediately following, the erroneous statement is so qualified as to render it harmless when the two statements thus made together, taken together and construed together, are not calculated to mislead or confuse the jury upon any material issue involved, to the prejudice of the movant's rights. See *Central of Ga. Ry. Co.* v. *Deas*, 22 *Ga. App.* 425 (96 S. E. 267), and the dissenting opinion on page 428.

4. Since there must be a new trial on account of the erroneous instruction to the jury dealt with in the preceding division of the syllabus, the remaining exceptions, which relate to questions not likely to arise upon another trial, are not dealt with.

*Judgment reversed. Stephens and Bell, JJ., concur.*

Decided May 15, 1931.

*J. B. & T. R. Burnside, S. M. Mathews, J. D. Kilpatrick*, for plaintiff in error.

*Clement E. Sutton*, contra.