23501. FELTON FARM COMPANY et al. v. MACON COUNTY.

JENKINS, P. J. 1. "A county is not liable to suit for any cause of action unless made so by statute." Political Code (1910), § 384. But under the constitution of the State of Georgia, "private property shall not be taken or damaged for public purposes without just and adequate compensation being first paid." Civil Code (1910), § 6388. Accordingly, if private property is taken or damaged by a county for public use, even by the prudent and proper exercise of a power conferred by statute, the owner is entitled to just compensation. City Council of Augusta v. Lamar, 37 Ga. App. 418 (140 S. E. 763), and cit. The constitutional provision just quoted applies with equal force to private property which is either taken or damaged by counties, although, prior to the adoption of the constitution of 1877 enlarging the scope of this section, a county, not being suable at common law, and constituting a political subdivision

of the sovereign power, could not be sued for damaging private property for public uses. After the adoption of the constitution of 1877, it was held by the Supreme Court in *Smith* v. *Floyd County*, 85 *Ga.* 420 (11 S. E. 850), that, "construing the constitution of · 1877 and the code together, a right of action exists against a county for damaging private property for public uses," the liability of counties for damages to property in all cases being the actual depreciation in the market value of the premises injured. *Howard* v. *County of Bibb*, 127 *Ga.* 291, 293 (56 S. E. 418). All the decisions, however, including those in the *Smith* case, supra, *Millwood* v. *DeKalb County*, 106 *Ga.* 743 (32 S. E. 577), *Barfield* v. *Macon County*, 109 *Ga.* 386 (34 S. E. 596), and *Terrell County* v. *York*, 127 *Ga.* 166 (56 S. E. 309), recognize that a county is exempt from suit except where the suit is specifically authorized by the constitution and statutes. There is a distinction between taking or damaging private property for public uses and creating a nuisance which might thereafter cause specific or particular damage to the owner of the property. As was said in *Peel* v. *Atlanta*, 85 *Ga.* 138, 140 (11 S. E. 582, 8 L. R. A. 787), the effect of the constitutional provision "is not to authorize compensation in all cases where property may be injured by public works, but only where the enjoyment of some right of the plaintiff in reference to his property is interfered with and the property thereby *rendered less valuable.*" (Italics ours.) *Bibb County* v. *Green*, 42 *Ga. App.* 552, 553 (156 S. E. 745). Accordingly, a county can be held liable to the extent of an injury thus sustained, not on the theory that the county is liable, as are other tort-feasors, for the negligent acts and conduct of its agents while acting within the scope of their authority, but for the reason that it can not, either with or without the guise of contractual authority, damage the property of another for the public use without just and adequate compensation being paid. *Bates* v. *Madison County*, 32 *Ga. App.* 370 (2) (123 S. E. 158); *Lincoln County* v. *Gazzaway*, 43 *Ga. App.* 358 (158 S. E. 647).

2. Under the act of August 18, 1919 (Ga. L. 1919, pp. 242, 249, Michie's Code, § 828 (19), provision 5), reorganizing the State highway department, whenever a road is taken over by the State highway department, making it a State-aid road, it does not cease to be a county road, but remains a public road of the county upon which county funds may be expended, and still is a part of the system of roads of the county in which it is situated. *Myrick* v. *Brooks County*, 175 *Ga.* 155, 158 (165 S. E. 50). "Whenever a cause of action originates on a highway taken under the jurisdiction of the State highway department, and is a proper case where the county would have been liable under existing laws had not the highway on which the cause of action arose been taken over by the State highway department under the act of 1919 and made a part of the State-aid system of roads, an action may be maintained against the county, in the county wherein the cause of action arose, and the State highway department can be vouched into court to defend said action, and then such department will become responsible for whatever damages are awarded against the county in such a proceeding." *Page* v. *Washington County*, 48 *Ga. App.* 791 (173 S. E. 868).

3. Under the foregoing rulings, where owners of land brought a suit against

a county (suggesting the vouching into court of the highway board), for damage to land caused by the construction of a State-aid road by the county authorities under a contract with the highway board, which resulted in the flooding, washing of gullies, and sanding of the land, the destruction of crops, and the consequent diminution in the market value of the land, and where on the trial the essential allegations were supported by proof, it was error to direct a verdict for the defendant, upon the contention that, since the State highway department had title, control, and supervision of the road and its construction, the county could not be held liable for such damage in the construction of such a portion of its system of public roads. This case is not in conflict with anything held in *Norris* v. *State Highway Department,* 42 *Ga. App.* 699 (157 S. E. 382), which was a joint action against the highway board and a county, under the general law with respect to suits against wrongdoers, one of which defendants was a nonresident, and which was held subject to the rules applicable to such cases. The court in that case distinctly pointed out that it made no decision as to whether jurisdiction of the State highway department could have been established in the superior court of the county where the action was brought by a suit against that county with proper allegations to raise the duty of the county to vouch in the State highway department as provided by the terms of the act reorganizing the highway board, and expressly limited the decision to the adjudication on the question actually decided.

*Judgment reversed. Stephens and Sutton, JJ., concur.*

DECIDED APRIL 19, 1934. REHEARING DENIED JUNE 18, 1934.

*B. F. Neal, Felton & Felton,* for plaintiffs.
*Gilbert C. Robinson,* for defendant.