## 23575. PIKE COUNTY v. MATTHEWS.

Decided May 18, 1934.

*B. S. Miller, F. L. Adams, R. C. Johnson, S. M. Mathews,* for plaintiff in error.

*Beck, Goodrich & Beck, W. M. Dallas,* contra.

Guerry, J. "A county is not liable to suit unless there is a law which in express terms or by necessary implication so declares. And this is true whether the alleged cause of action arises from the negligent performance of duties which the county authorities are compelled to perform, or a negligent discharge of duties voluntarily assumed in the exercise of a discretion vested in them by law." *Millwood* v. *DeKalb County,* 106 *Ga.* 743 (32 S. E. 577). The State is never suable except by express enactment, and this is also true of subdivisions of the State. Counties are such subdivisions, clothed with public duties belonging to the State, which for convenience are divided among such local organizations. The county is a corporation for certain specified purposes. Its function is separate and apart from that of municipalities. "A county is a subdivision of the State imposed upon the people for State purposes." Counties, to be liable in an action at law for damage done by those who construct or repair public roads or bridges, must by statute be subject to such an action. Counties were not liable to suit at common law; and it is for this reason that the several counties of this State, as political divisions, exercising a part of the sovereign power of the State, can not be sued except where it is provided by statute. Counties are liable, under the constitution of this State, for the taking or damaging of private property for public purposes. These provisions of the constitution itself have been strictly construed by our courts. Originally it was provided by the constitution that private property could not be taken for public purposes without just compensation being paid therefor. A resultant or consequential damage was held not to be within the purview of the provision. *Mayor &c. of Rome* v. *Omberg,* 28 *Ga.*

46 (73 Am. D. 748); *Markham* v. *Atlanta,* 23 *Ga.* 402; *City of Atlanta* v. *Green,* 67 *Ga.* 386. In the constitution of 1877 the words "or damaged" were added, so that it now reads: "Taken or damaged for public purposes without just and adequate compensation therefor being first paid." Civil Code, § 6388.

In the act of 1818, as codified in the Code of 1882, § 670, it was provided that the ordinary (he being the person at the time having charge of the fiscal affairs of the county) should have power to select the place for the erection of bridges, etc., and the power to make suitable provision for their erection or repair, "by letting them out to the lowest bidder, hiring hands, or in any other way that may be for the public good and agreeable to law." It was also his duty to require a bond for the faithful performance of the work and to "indemnify for all damages occasioned by a failure so to do." In section 672 of the Code of 1882 it was provided that when a contract for such a bridge is let out, the contractor must in his bond make a condition to keep the same in repair for seven years. A county was liable in an action brought by reason of a defect in and damage occasioned by such a bridge when it appeared that no bond had been taken; and it was necessary to plead and prove that no bond had been taken in the erection of such a bridge, in order to maintain an action against the county thereon. *Collins* v. *Hudson,* 54 *Ga.* 25; *Arline* v. *Laurens County,* 77 *Ga.* 249 (2 S. E. 833). In 1888 this section was amended and the county made primarily liable for all injuries caused by reason of defective bridges, whether erected by contractors or by county authorities; and this provision is embodied in the Code of 1910, § 748. This section, however, is applicable only to bridges built subsequently to the act of December 29, 1888. See *Counties of Bibb and Crawford* v. *Dorsey,* 90 *Ga.* 72 (15 S. E. 647); *Seymour* v. *Elbert County,* 116 *Ga.* 371 (42 S. E. 727); *Butts County* v. *Johnson,* 136 *Ga.* 354 (71 S. E. 428). The provisions of § 748 have been strictly construed and the liability of the county not enlarged. It has been decided that the provisions of this section do not apply to county-line bridges. *Brooks County* v. *Carrington,* 7 *Ga. App.* 225 (66 S. E. 625).

The enlarged importance of public roads and highways within the last twenty years has necessarily brought about changing conditions in building, management, and control of the main highways

of the State, and has given birth to the State Highway Department, which is not, like a county, one of the political subdivisions of the State; neither is it a corporation of the same kind as a municipality, but it does possess some of the characteristics and powers incident to counties in the construction and maintenance of public roads for the benefit of the entire body politic, rather than a special locality as is true of a county. The relieving of a county of the burden of levying taxes for the construction and maintenance of such public roads as became parts of the State highway system was a distinct contribution to such counties. At the time of the passage of the act of 1919 (Ga. L. 1919, p. 242), defining the powers and liabilities of the State Highway Department, no specific right to bring an action of any kind against such department was given, but it was provided that "when any portion of the designated State-aid road System is taken under the jurisdiction of the State Highway Department by written notice as prescribed in article 5, section 1, hereof, the county or counties in which said portion is located shall not thereafter be required to levy taxes for the construction or maintenance of said portion, or to use any of its funds or road forces in the construction or maintenance thereof, provided that the State Highway Department shall defend all suits and be responsible for all damages awarded against any county under existing laws, and whenever the cause of action originates on highways jurisdiction over which shall have been assumed by said Highway Department under the terms of this act, and provided that any county sued shall voucher [vouch?] said Highway Department to defend such litigation, by furnishing said Highway Department with a notice to defend such suit, to which said notice shall be attached a copy of the declaration served on said county, and provided that said notice shall be given said State Highway Department at least ten days prior to the return day on which said suit must be answered, and provided further that said State Highway Department shall have the right and authority to adjust and settle in the name of such county and on its own behalf any claim for damages for which said State Highway Department may be intimately [ultimately?] liable under the terms of the preceding proviso." It therefore relieved the counties of the duty and burden of responding in damages for failure to keep in repair the bridges on the public roads within such counties which roads had

been taken over by the highway department, and placed such duty and burden upon the highway department, provided any county sued should vouch the highway department to defend such litigation by furnishing to the highway department a notice to defend the suit, to which notice should be attached a copy of the declaration, etc.

It is thus seen that the county is relieved of the duty of responding for any neglect or failure of the highway department, by vouching the department in the manner provided. The damages for which the county is liable, and from which liability it may relieve itself as pointed out above, is the liability "under existing laws." This phrase does not mean any liability that existed at the time of the taking over of such road alone, but any subsequent liability incurred while the road is under the control of the highway department. As was said in *Lincoln County* v. *Gazzaway,* 43 *Ga. App.* 358 (158 S. E. 647) : "The provisions of this section of the act of 1919 operate to fix in the county in which the highway is situated the situs of litigation on account of claims against the highway department, in suits against the county as defendant, for any cause for which a county is liable to suit under existing law, originating on a highway taken over by the highway department, and to provide a method by which service of any such suit against the county may be made upon the highway department so as to establish jurisdiction for the determination of such cause, as against the highway department, but proceeding against the county as defendant, in the courts of the county in which the highway upon which the cause of action originated is situated." In an action of this kind, it is a condition precedent to the liability of the highway department that liability be established as against the county. All the regulations necessary to fix the liability of the county must be observed, such as the giving of notice to the constituted authorities of the county and the bringing of the action within twelve months, and the action itself must be one for which under existing law the county is liable. *Felton* v. *Macon County,* 43 *Ga. App.* 651 (159 S. E. 730). A county is primarily liable for defective bridges, and this liability continues though the construction and maintenance of such bridge is a responsibility of the highway department. *Early County* v. *Fain,* 2 *Ga. App.* 288 (58 S. E. 528). A county is also liable where it takes or damages private property for itself, and

where such liability existed at the time of the taking over of such road by the highway department. It does not necessarily follow that the county is liable for the independent taking of such property by the highway department. See, in this connection, *State Highway Board* v. *Ward,* 42 *Ga. App.* 220 (155 S. E. 384); *Habersham County* v. *Cornwall,* 38 *Ga. App.* 419 (144 S. E. 55). Neither does the damaging by the State Highway Department of private property, unless the county is a participant in such taking or damaging, make the county liable. See *Norris* v. *State Highway Department,* 42 *Ga. App.* 699 (157 S. E. 382). Under the existing law a county continues liable for defects in bridges on public roads in its limits, but in cases arising by reason of defects in bridges on public roads maintained by the State Highway Department it may relieve itself from the burden of paying for such damage by vouching the highway department in to defend the action and make the department responsible for any damages assessed.

The bridge at the time of this injury was shown by the evidence to be under repair, and traffic had been deflected around the bridge over a temporary way, and the bridge had been taken out to be repaired. As was held in the case of *Havird* v. *Richmond County,* 176 *Ga.* 722 (168 S. E. 897): "A county is primarily liable for injuries caused by a 'defective bridge' within the meaning of the Political Code (1910), § 748, where, on a fill or embankment approaching a bridge, which it is assumed constitutes part of the bridge, there is erected and maintained by the county in the roadway an obstruction placed there for the purpose of causing a deflection of traffic while the bridge is being repaired, but which is negligently maintained by the county in a condition hazardous to traffic. Whether the failure to have lights or other warnings on the approach to the bridge on a dark night, to warn travelers, would constitute negligence would be a question for a jury, to be determined in each case from the circumstances of the particular case, under proper instructions of the court as to the respective duties of both the county and the traveler." It appears that the negligence complained of in this case was the alleged negligence of the highway department, which was at the time repairing said bridge and which had temporarily deflected traffic around the bridge, to place such notices, signs, lights, or obstruc-

tions as would warn travelers that a detour must be made, and give notice of the danger because of the opening where the bridge had been removed. Under the pleadings and the evidence in this case such questions were for the jury, and the exception to the failure of the trial judge to grant a nonsuit is without merit.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*