## 24486. HAM *v.* HEARD COUNTY.

*Smith & Millican,* for plaintiff.
*Frank Gearrald, Willis Smith,* for defendant.

MacINTYRE, J. The exception in this case is to the judgment sustaining a general demurrer to a petition brought by J. W. Ham against Heard County, to recover damages arising out of the relocation of a public road.

The petition alleges that said public road "was taken over by the State Highway Board of Georgia and made a part of the State-Aid System of highways;" that "in April, 1933, the State Highway Board of Georgia and the defendant . . relocated, graded, and widened said road," so that it ran within three feet of the front of his residence, and was "some three and a half feet lower than it was prior to said time," taking ".31 of an acre of petitioner's land without paying him . . therefor and without condemning same as provided by law," and "leaving an embankment some five feet high in front of" his residence; that the relocating of said road in the manner set out "diminished the market value of his said property" in the sum of $500, and that he was damaged in that amount; and that "on August 21, 1933, he made a demand in writing upon the defendant for payment of his damages, which was refused." The prayer was that "process be directed to the defendant," etc.

Section 2, provision 5 of the act approved August 18, 1919 (Ga. L. 1919, pp. 242, 249), is as follows: "That when any portion of the designated State-Aid Road System is taken under the jurisdiction of the State Highway Department by written notice as prescribed in Article 5, Section 1, hereof, the county or counties in which said portion is located shall not thereafter be required to levy taxes for the construction or maintenance of said portion, or

to use any of its funds or road forces in the construction or maintenance thereof, provided that the State Highway Department shall defend all suits and be responsible for all damages awarded against any county under existing laws, and whenever the cause of action originates on the highways jurisdiction over which shall have been assumed by said Highway Department under the terms of this Act, and provided that any county sued shall voucher said Highway Department to defend such litigation, by furnishing said Highway Department with a notice to defend such suit, to which said notice shall be attached a copy of the declaration served on said county, and provided that said notice shall be given said State Highway Department at least ten days prior to the return day on which said suit must be answered, and provided further that said State Highway Department shall have the right and authority to adjust and settle in the name of such county and on its own behalf any claim for damages for which said State Highway Department may be intimately [immediately?] liable under the terms of the preceding proviso." Under the act for the reorganization of the State highway department, "when any portion of the state-aid road system is taken under the jurisdiction of the State Highway Department . . ., the liability of the county for damages under existing law is continued, and it becomes the duty of the State highway department to defend any suit for damages brought against the county, whenever the cause of action originates on a highway taken under the jurisdiction of the highway department, provided the highway department is vouched into court by the county in the manner provided in the act; and when the highway department is thus vouched into court it becomes responsible for the damages awarded against the county. The provisions of this section of the act of 1919 operate to fix in the county in which the highway is situated the situs of litigation on account of claims against the highway department, in suits against the county as defendant, for any cause for which a county is liable to suit under existing law, originating on a highway taken over by the highway department, and to provide a method by which service of any such suit against the county may be made upon the highway department so as to establish jurisdiction for the determination of such cause, as against the highway department, but proceeding against the county as defendant, in the courts of the county in which the highway upon

which the cause of action is situated originated. The fact that by the terms of the act of 1925 (Ga. L. 1925, pp. 208, 211; Michie's Code (1926), § 828 (4)), the highway department is in general terms empowered to sue, and made subject to suit generally, does not operate to repeal or invalidate a proceeding of the particular nature and character authorized by the act of 1919, instituted in accordance with the particular method prescribed therein." *Lincoln County* v. *Gazzaway,* 43 *Ga. App.* 358 (158 S. E. 647). This ruling was followed and applied in *Page* v. *Washington County,* 48 *Ga. App.* 791 (2), (3) (173 S. E. 868), and in *Felton Farm Co.* v. *Macon County,* 49 *Ga. App.* 239 (175 S. E. 29). In construing the act of 1919 in *Pike County* v. *Matthews,* 49 *Ga. App.* 152, 154 (174 S. E. 642), this court said: "It therefore relieved the counties of the duty and burden of responding in damages for failure to keep in repair the bridges on the public roads within such counties which roads had been taken over by the highway department, and placed such duty and burden upon the highway department, provided any county sued should vouch the highway department to defend such litigation by furnishing to the highway department a notice to defend the suit, to which notice should be attached a copy of the declaration, etc. . . It is thus seen that the county is relieved of the duty of responding for any neglect or failure of the highway department, by vouching the department in the manner provided. *The damages for which the county is liable, and from which liability it may relieve itself as pointed out above, is the liability under existing laws* [italics ours]. . . All the regulations necessary to fix the liability of the county must be observed, such as the giving of notice to the constituted authorities of the county and the bringing of the action within twelve months, and the action itself must be one for which under existing law the county is liable. . . Under the existing law a county continues liable for defects in bridges on public roads in its limits, but in cases arising by reason of defects in bridges on public roads maintained by the State highway department it may relieve itself from the burden of paying for such damage by vouching the highway department in to defend the action and make the department responsible for any damages assessed."

We are satisfied that the present action was not subject to general demurrer under the act of 1919, supra. But it is insisted that

said act of 1919 is so amended by the act of 1933 (Ga. L. 1933, p. 172) as to nullify the effect of the decisions cited in so far as the instant case is concerned. In short, the contention is that because of said act of 1933 the petition sets out no cause of action.

Said act of 1933 provides that said act of 1919 "shall be amended by striking out in its entirety section six of said act, which reads as follows, to wit: 'Sec. 6. That the respective county road authorities shall furnish, free, to the State Highway Board all necessary rights of way for the designated roads in each county, constituting any portion of the system of State-aid roads,' and substituting therefor a new section which reads as follows, to wit: 'Section 6. When a road is approved as a part of the system of highways of Georgia and is under the control and supervision of the State Highway Board of Georgia, the establishment of such road and its construction, including location, surveys, grading, and paving, shall be in the control and supervision of the State Highway Board. All expenses necessary for such establishment and construction including surveys, the procuring of rights of way, the location or relocation of such roads, and all other expenses connected therewith shall be paid by the Highway Board out of funds allocated to the Highway Department. It is provided however, that it shall be the duty of county commissioners, or other county authorities having control of county roads, to assist in procuring options for the necessary rights of way as cheaply as they can be procured. But no county funds, including funds arising from the one-cent gas tax now appropriated to the counties by law, shall be appropriated or used in any manner whatsoever for the establishment or construction of State Highways. It is the purpose of this act to prohibit county participation in the cost of the establishment or construction of State roads; provided that it is not the purpose of this act to prohibit any county from contracting with the State Highway Department for the construction of any portion of the State-aid road system now permitted or which may be permitted by law.'"

Under section 6 of the act of 1919, the counties were required to "furnish, free, to the State Highway Board all necessary rights of way for the designated roads in each county, constituting any portion of the system of State-aid roads." By the amendment of 1933, this section was stricken, and the right and duty devolved upon the State Highway Board to establish, locate, survey, grade, and pave

such roads. Under the act of 1919, "the liability of the county for damages under existing laws is continued." *Lincoln County v. Gazzaway*, supra. "The damages for which the county is liable, and from which it may relieve itself as pointed out above, is the liability 'under existing laws.' This phrase does not mean liability that existed at the time of the taking over of such road alone, but any subsequent liability incurred while the road is under control of the highway department. . . In an action of this kind, *it is a condition to the liability of the highway department that liability be established as against the county.*" (Italics ours.) *Pike County v. Matthews*, supra. The purpose of the amending act of 1933 is very clearly stated by the lawmakers themselves to be "to prohibit county participation in the cost of the establishment or construction of State roads." Since the right to proceed under section 2, provision 5 of the act of 1919 is predicated upon the liability of the county "under existing laws," and since, under the act of 1933, the county does not furnish the right of way, and the entire expense of locating and establishing the road is required to be borne by the Highway Department, we do not understand how the county can be held liable under our constitutional provision for damages arising out of relocating the road in the instant case, which arose after the passage of the amending act of 1933. Our conclusion is that in this case the county was not liable "under existing laws," and that the petition fails to set out a cause of action. We hold that the trial judge did not err in overruling the general demurrer.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*