24256. FELTON *v.* STATE HIGHWAY BOARD.

DECIDED AUGUST 7, 1935. REHEARING DENIED SEPTEMBER 28, 1935.

*Erwin, Erwin & Nix, C. N. Davie, J. F. Kemp,* for plaintiff.

*S. M. Mathews, B. S. Miller, Lamar C. Rucker,* for defendant.

MacINTYRE, J.   J. W. Felton sued the State Highway Board et al., for damage to his property.   The jury returned a verdict for the defendants.   The plaintiff's motion for new trial was overruled, and he excepted.   The property alleged to have been damaged was located on the corner of Crescent Street (running approximately east and west) and of an alleged street known as Kelsoe Street (running north and south) in the town of Oglethorpe, Ga.   The State highway was originally on Crescent Street, and was relocated a block away to the north on Chatham Street.   An overhead bridge was erected over the railroad on Chatham Street, and in building the approach to the bridge Kelsoe Street (a cross-street running from Crescent Street to Chatham Street) was permanently blocked.   Kelsoe Street was never a part of the State highway.   When the highway was relocated and opened up, traffic could also continue to flow over Crescent Street as a public street of the town of Oglethorpe.   The plaintiff alleged that he had been injured and damaged by the State Highway Board and its members in the following ways:   (1) By the removal and relocating of the State highway which abutted his property on the south and immediately in front of the hotel located thereon.   (2)

By the blocking and obstructing of Kelsoe Street by the constructing of the new State highway on Chatham Street. Plaintiff contends that the statute of limitations did not begin to run from the time of the permanent blocking of Kelsoe Street, but from the time that traffic was subsequently diverted from Crescent to Chatham Street, for the reason that "the harm did not begin until the new street was opened to the public and the main artery of traffic was diverted from the front of Felton's hotel to the rear thereof."

When this case was formerly before this court it was held: "Where a street upon which a lot abuts is closed by an obstruction at an intersecting street, which, as respects the lot, makes the street upon which it abuts a cul-de-sac, although the obstruction is neither immediately in front of the lot nor touches the lot, and the obstruction thereby materially diminishes and curtails the right of the owner to the free and uninterrupted use of the street in front of the lot, as a means of access to and from different parts of the city, it constitutes a special damage to the lot, different in kind from that inflicted upon the community in general, and the owner has a right of action in damages therefor." 47 *Ga. App.* 615 (171 S. E. 198). It was said in the opinion that "In the first count of the petition the plaintiff's damage is alleged in the sum of $4000, the difference between the value of the property, which was $5000 before the erection of the obstruction, and its value of $1000 after the erection of the obstruction." Thereafter, when the case went to trial before a jury, one of the contentions of the defendant was that the right of action was barred by the statute of limitations, for the reason that it was not brought within four years after the right of action had accrued (Code of 1933, § 3-1001). The judge charged the jury: "If you find from the evidence in this case, under the law that I have given you in charge, that the alleged street described in plaintiff's petition as Kelsoe Street was permanently blocked and obstructed more than four years prior to March the 5th, 1932, the date when the plaintiff filed his petition, then the plaintiff could not recover in this case. The plaintiff's right of action or right to sue commenced when what is known as Kelsoe Street was obstructed and blocked in such a way as to make traffic over it impractical, and the plaintiff would have to bring a suit for damages within four years from such date; otherwise he would be barred under the law. After traffic over

the said Kelsoe Street became impractical, the fact that further and other obstructions were made at said point, by posts, wire, fencing, or otherwise, would not change this rule."

"Under the constitution of the State of Georgia, 'private property shall not be taken, or damaged, for public purposes, without just and adequate compensation being first paid.' Civil Code (1910), § 6388 [Code of 1933, § 2-301]. Accordingly, if property is damaged, even by the prudent and proper exercise of a power conferred by statute, the owner is entitled to just compensation. . . Where the public authorities properly erect and properly maintain the improvements authorized by law, . . the only right of action maintainable is that conferred by the quoted provision of the constitution. It does not sound in tort, and the recovery permitted is strictly limited to the direct damage inflicted by diminishing the market value of the property damaged, as measured by the difference in its market value before and immediately after the construction of the public works, excluding all consequential damages subsequently accruing, such as might be recoverable in an action sounding in tort based on the maintenance of a continuing, abatable nuisance." *City Council of Augusta* v. *Lamar,* 37 *Ga. App.* 418 (140 S. E. 763). In the instant case there was no nuisance. "That which the law authorizes to be done, if done as the law authorizes it to be done, can not be a nuisance." *Burrus* v. *Columbus,* 105 *Ga.* 42, 46 (31 S. E. 124). If the highway department damaged the property, the right of action maintainable is that conferred by the provision of the constitution quoted above. The highway department did what it had a right under the law to do. But if it damaged the plaintiff, the State Highway Board was bound to make compensation. When this work was done (the building of the embankment that constituted the approach to the bridge that blocked Kelsoe Street), assuming that damage resulted therefrom to the plaintiff and that he had a right of action against the defendant for damages, he could sue not only for the damages which might have accrued prior to the bringing of the action, but for such as might accrue in the future. The whole damages could have been assessed in one action; such action taking the place of the statutory provision, in cases where property is condemned, that the whole damages may be assessed. Hence there was no reason why the present action should not have been brought

within four years after the highway department had raised the grade of Chatham Street so as to permanently block Kelsoe Street. *Atkinson* v. *Atlanta*, 81 *Ga.* 625, 627 (7 S. E. 692). After Kelsoe Street at the nearest intersecting street north of where the property was located was permanently blocked, to wit at the intersection of Kelsoe and Chatham Streets, there was no other or further act done that interfered with the ingress and egress to the property, unless it could be said that, when the new highway was completed and opened up, the greater part of the traffic flowed over Chatham Street, and the part of the traffic flowing over Chatham Street might be said to be diverted. However, traffic could likewise continue to flow over Crescent Street by the property in question. The plaintiff, in so far as Crescent Street itself was concerned, at the time of and since the new highway was opened, had access to his property. He has also the same communication, to the other parts of the town of Oglethorpe and to the highways, through Crescent Street, with all the intersecting streets, except through the north end of Kelsoe Street, which had sometime previously been blocked by the approach to the bridge. If we eliminate the damage done by the blocking of Kelsoe Street at the time that it was permanently closed, then the damage which the plaintiff sustained by the diverting of traffic over the new highway was the same kind of damage that all the property owners on Crescent Street suffered, which was the same in kind which was shared by the public generally. It did not differ in kind, but in degree, and under the overwhelming weight of authority he would have no right of action.

"Owners of land abutting upon neighboring streets, or upon other parts of the same street, at least when beyond the next cross street, are not, however, entitled to damages, notwithstanding the value of their lands may be lessened by its vacation or discontinuance." 2 Elliott on Roads and Streets, § 1181; *Ward* v. *Georgia Terminal Co.*, 143 *Ga.* 80, 82 (84 S. E. 374). In other words, the plaintiff could not recover merely because the opening up of Chatham Street diverted the *larger* portion of the traffic from Crescent Street, when the plaintiff had access to his property over that street. If it had not been necessary to build the road fill which blocked Kelsoe Street, and the highway department had built a straight level road, in no way interfering with the crossing at Kel-

soe and Chatham Streets, would it be said that when the new highway was completed and traffic began to flow over it the plaintiff would have had a cause of action for this mere diversion of the greater part of the traffic from the old highway to the new? We think not. *Cobb* v. *Wrightsville & Tennille R. Co.*, 129 *Ga.* 377, 380 (58 S. E. 862); *State Highway Board* v. *Willcox*, 168 *Ga.* 883, 891, 892 (149 S. E. 182); *Ward* v. *Georgia Terminal Co.*, supra. If it be said that the plaintiff could not have brought his suit when Kelsoe Street was permanently blocked, but would have been forced to await the diversion of traffic from Crescent to Chatham Street, then we would have to assume that no injury occurred when Kelsoe Street was blocked. If no injury occurred when Kelsoe Street was blocked, then how and when was the plaintiff injured? Did his injury result only from the diversion of traffic from Crescent Street, which was never blocked, although it intersected with Kelsoe Street, which was? In this latter event the plaintiff would have no right of action, for it would be damnum absque injuria, being the same in kind that all the property on Crescent Street suffered. What interference, if any, with the plaintiff's right of access to his property entitled him to damages? The plaintiff's right of action depended upon the defendant's inflicting special damage to the property by blocking Kelsoe Street at the next intersecting street north of where the property in question was located, so as substantially to convert that part of Kelsoe Street upon which the plaintiff's property abutted into a cul-de-sac. Suppose we reverse the proposition and assume that traffic was first diverted from Crescent Street, nothing else appearing, there could be no recovery, and that three years later the highway department had blocked Kelsoe Street, if the defendant had a right of action the statute would certainly not begin to run until Kelsoe Street was blocked, for this would have been the first *actionable* damage.

Having in mind that the whole damage could be assessed in one action, that which might have accrued prior to the bringing of the action and also such as might accrue in the future, such action taking the place of the statutory provision in cases where property is condemned, we think in this case the jury were authorized to find that when Kelsoe Street was permanently closed, the right of action accrued for any such past and future damage. It is our opinion that the jury were authorized to find, under the evidence, that

when Kelsoe Street was permanently blocked, the first substantial injury or damage was sustained by the plaintiff four years prior to the time of the bringing of the suit, and that his action was barred by the statute of limitations. The evidence authorized the verdict for the defendant, and the special grounds of the motion for a new trial are without merit.

*Judgment affirmed. Broyles, C. J., and Stephens, J., concur.*