25552. STATE HIGHWAY DEPARTMENT OF GEORGIA *v.* MacDOUGALD CONSTRUCTION COMPANY.

DECIDED SEPTEMBER 26, 1936.

*B. S. Miller, S. M. Mathews,* for plaintiff in error.

*Colquitt, MacDougald, Troutman & Arkwright, Harold Hirsch, Marion Smith, Harllee Branch Jr.,* contra.

JENKINS, P. J. ■ Although under the Code, § 95-1505, authorizing the State Highway Department to "sue and be sued," it can not be sued in an action ex delicto for negligence by one of its engineers (*Tounsel* v. *State Highway Dept.,* 180 *Ga.* 112, 178 S. E. 285; 50 *Ga. App.* 520, 179 S. E. 167), it is amenable to an action ex contractu for money had and received, belonging to any person entitled to its return, who paid it in making a bid for

the construction of a State highway. See generally, as to the liability of the highway department to suit alone, or jointly with, or after voucher of, a county: *Perkerson* v. *Greenville,* 51 *Ga. App.* 240 (2) (180 S. E. 22), and cit.; *Ham* v. *Heard County,* 51 *Ga. App.* 313 (180 S. E. 371), and cit.; *Felton* v. *State Highway Board,* 51 *Ga. App.* 930, 932 (181 S. E. 506); *Felton Farm Co.* v. *Macon County,* 49 *Ga. App.* 239 (175 S. E. 29), and cit.; *Pike County* v. *Matthews,* 49 *Ga. App.* 152 (174 S. E. 642), and cit.; *State Highway Board* v. *Ward,* 42 *Ga. App.* 220 (155 S. E. 384); *Lincoln County* v. *Gazzaway,* 43 *Ga. App.* 358 (158 S. E. 647).

■ A mere submission to another of an offer or proposed terms of a contract creates no legal obligation against the offerer until there is an acceptance, unless the offer is supported by a valuable consideration, so as to constitute an option binding him. Where there is no such consideration, the offerer may revoke or withdraw the offer at any time before its acceptance, even though by the very terms of the proposal the offeree is allowed a certain number .of days for its acceptance or refusal. *Prior* v. *Hilton & Dodge Lumber Co.,* 141 *Ga.* 117 (80 S. E. 559); 1 Williston on Contracts, 94, § 65; 13 C. J. 293, § 103, and cit. Accordingly, where the offerer accompanies his offer with a sum. of money or certified check, to be retained by the offeree as liquidated damages in the event that the offeree should accept the offer and tender a formal contract to the offerer and the offerer should refuse to execute the same, the offeree is not entitled to retain the money if the offer is withdrawn before its acceptance, and the making of the offer and delivery of the money on such condition are not supported by any valuable consideration to the offerer.

■ Under the averments of the instant petition against the State Highway Department, by a bidder on. a highway construction project, for a return of the proceeds of an $8500 certified .check, which it was agreed would be "forfeited to the State as liquidated damages arising out of my failure to execute a contract as proposed," the facts alleged and legal questions involved are essentially the same as in *Tobey* v. *Seaboard & Southern Construction Co.,* 169 *Ga.* 104 (149 S. E. 914), and this case is controlled by that decision, adversely to the contentions of 'the highway department. There, as in the instant case, the "check was to be

312

forfeited as liquidated damages if the bid was accepted, and the construction company failed to make the contract and supply the bond as specified;" the bid and delivery of the check were not supported by any valuable consideration to the construction company; and therefore the bid being a mere proposal and not a binding option and being withdrawn before its acceptance, it was held that there was no enforceable contract such as would preclude a recovery by the company of its deposit. Although no such facts appear here, it was further held that acquiescence by the company in the actions of the Texas navigation and canal commissioners in expending several hundred dollars to obtain approval of the contract by United States engineers did not constitute an estoppel which would preclude the company from denying that a contract was formed and that the bid was accepted. Even if the statement in the opinion in the *Tobey* case (169 *Ga.* 109), quoting from Williston on Contracts, which is summarized in the immediately preceding paragraph, should be taken as obiter or inapplicable because, as contended, it did not appear in that case that there was any agreement as to how long the offer should remain open and not subject to withdrawal, while here the department was allowed thirty days, the holding is abundantly sustained by the authorities cited, and is controlling in this case. Accordingly, the court did not err in overruling the demurrers to the petition as amended.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*