26125.    PERKERSON *v.* STATE HIGHWAY BOARD.

DECIDED JUNE 30, 1937.    REHEARING DENIED JULY 29, 1937.

N. F. Culpepper, R. A. McGraw, Sam J. Welsch, for plaintiff.

B. S. Miller, J. F. Hatchett, J. B. Hatchett, J. M. C. Townsend, W. Glenn Thomas, for defendant.

GUERRY, J. This is the second appearance of this cause of action in this court. See *Perkerson* v. *Greenville*, 51 *Ga. App.* 240 (180 S. E. 22). In that proceeding Perkerson filed suit against the City of Greenville, for resultant damage to his property by reason of a change of grade in front of his property in the City of Greenville, whereby ingress and egress were either cut off or made more difficult. On the trial it appeared that this street on which the change occurred was a part of the State-aid road system, and that the change had been made by the State Highway Department and under its direction and control. The lower court granted a nonsuit, and this ruling was sustained for the reason, as stated by this court, that "the State Highway Board, on its own initiative or acting through a county, has the legal right to extend and improve a 'State-aid' road through the streets of a municipality without the consent of the municipality and even against its will." This suit, based on the same cause of action, was thereafter filed against the State Highway Board in Cobb County, the residence of one of the members of the State Highway Board. On the trial it developed that while the work was done under the direction and control of the State Highway Department, the actual performance of the work was done by the county chain-gang of Meriwether County under a contract with the State Highway Department. A motion for nonsuit was sustained on the ground that the situs of the suit, under these facts, was in Meriwether County. No member of the State Highway Board was a resident of Meriwether County; and it becomes pertinent to inquire whether the fact that Meriwether County, because it performed the actual work, as contractor, for the State Highway Board became liable because of the resultant damage to property by reason of the work done; and if so, is it necessary that any suit brought to recover for such damage (which arises by reason of the constitutional provision that private property may not be taken or damaged for public use without just compensation being paid therefor) should be brought solely against Meriwether County under the act of 1919, wherein it is provided that the county may protect itself from liability by vouching the State Highway Department in to defend the suit? There can be little doubt that where the county, as in the present case, actually takes or damages private property in the building of a State-aid road,

for and in behalf of the State Highway Department, a suit 'may be maintained against it under the constitutional provision for recovery of just compensation. However, under the act of 1919, it may vouch the State Highway Board in to defend such action, by giving it notice as provided in the act, and recover over against the State Highway Board for any judgment taken against it in the suit. The question here presented is whether in such case, that is, where private property has been taken and damaged by both the county and the State Highway Board, and liability therefor exists against both, it is necessary to sue the county alone (no member of the State Highway Board being a resident of that county so that service may be had on the State Highway Department), or may suit be brought against the State Highway Department alone in a county where jurisdiction can be obtained over such department by the superior court? Is the remedy provided for by the act of 1919 (Ga. Laws 1919, p. 249); Code, § 95-1710, exclusive or is it cumulative? If exclusive, the ruling made in this case was proper; if cumulative it was wrong.

In *Lincoln County* v. *Gazzaway*, 43 *Ga. App.* 358 (158 S. E. 647), this court held that the act of 1925 (Ga. L. 1925, pp. 208, 211; Code, § 95-1505), which provided that the State Highway Department could sue and be sued generally, did "not operate to repeal or invalidate a proceeding of the particular nature and character authorized by the act of 1919, instituted in accordance with the particular method prescribed therein." This decision was followed in *Page* v. *Washington County*, 48 *Ga. App.* 791 (173 S. E. 868). It will be noted that under the act of 1919, "the State Highway Board, acting for and in behalf of the State, is hereby authorized and empowered to sue and be sued, as hereinbefore provided, *and not otherwise,* to exercise the right of eminent domain in the condemnation of rights of way and property thereon for the use of the system of State Highways." The State Highway Department is a division of the sovereign State, created for a particular purpose, and under the provisions of the act of 1919 it could not be sued except as provided therein, and that was by suing the county and allowing the county to vouch in the highway department to defend the action. The restriction in reference to suit contained in the act of 1919, "to sue and be sued as hereinbefore provided, and not otherwise," was enlarged by the simple

provision that it might sue and be sued (Code, § 95-1505), with no restriction or limitation. This court in the *Gazzaway* case, supra, merely held that the act of 1925 did not repeal the act of 1919, so as to prevent the bringing of suits against the county under that act, wherein it was provided that the county could vouch the State Highway Department in to defend such suit, and that in such event the State Highway Department would be bound by the judgment rendered against the county. These provisions were retained and serve a very useful purpose to litigants, for the reason that the situs of litigation may be retained in the county where the injury occurs. If, however, the act of 1925 is to have any efficacy at all, the provisions of the act of 1919 can not be held to be exclusive. In *Edmonds* v. *State Highway Board,* 37 *Ga. App.* 812 (142 S. E. 214), this court held that no action lay directly and primarily against the State Highway Board to recover damages for the unlawful taking of private property for road purposes in Lamar County without providing compensation therefor, on the ground that there was no constitutional or statutory legislation therefor. We shall not discuss or attempt to reconcile this opinion with respect to a case where the State Highway Department should take private property under circumstances in which the county would not be liable. As we view the law, in such case the State Highway Department is liable to be sued, and the *Edmonds* case will not be followed.

In *Habersham County* v. *Cornwall,* 38 *Ga. App.* 419 (144 S. E. 55), Bell, J., in holding the county not liable for the damages sought in that case said: "Whether he may recover thereon against the State Highway Department we do not undertake to say at this time." In *State Highway Board* v. *Ward,* 42 *Ga. App.* 220 (155 S. E. 384), this court held: "It is obvious that the above-stated constitutional provision applies where private property is taken or damaged for public use by the State Highway Board without just compensation being first paid. In such a case a right of action arises in favor of the owner of the property, which may be enforced by suit against the State Highway Board." In *Felton* v. *Macon County,* 43 *Ga. App.* 651 (159 S. E. 730), it was held that where the plaintiff proceeded against the county under the act of 1919, "and there was no prayer for process against any other person," the provision that claims against the

county must be presented in twelve months after the injury applied, and that the failure to show that such claim was presented to the county within twelve months from the date of the injury required a dismissal of the action against the county. In discussing the case the court said: "The petition *as drawn* did not invoke the provision of the act of 1925 (Ga. Laws 1925, pp. 208-211) that the State Highway Department may be sued, but, as indicated above, is a proceeding under the act of 1919, with an attempt to cause the State Highway Department to be vouched in by the defendant." Thereafter this same cause of action was asserted by a suit against the State Highway Board in Clarke County, which at that time was the residence of one of the members of the highway board, proceeded to trial, and again appeared in this court. See 47 *Ga. App.* 615 (171 S. E. 198) ; 51 *Ga. App.* 930 (181 S. E. 506). It finally terminated against the plaintiff, on the ground that the action in Clarke County was barred, because four years had elapsed since the injury occurred before the bringing of the suit against the State Highway Board. In *Ham* v. *Heard County,* 51 *Ga. App.* 313 (180 S. E. 371), this court held that in a case where the county was not liable under existing laws to furnish a right of way for State-aid roads and was expressly prevented from so doing by legislation, a taking and damaging of private property in Heard County by the State Highway Board alone would not render Heard County responsible for such taking or damaging, and the plaintiff was relegated to his rights against the State Highway Board alone.

In *Tounsel* v. *State Highway Department,* 180 *Ga.* 112, 118 (178 S. E. 285), the Supreme Court held in effect that the State Highway Board, even under the provisions of the act of 1925, supra, was liable only under such existing laws as would have made the county liable. A county, or the State Highway Board, is liable under the constitutional provision prohibiting the taking or damaging of private property for public use without just compensation. Neither the county nor the State Highway Board is liable for torts as those described in the *Tounsel* case. Irrespective of whether Meriwether County might in this case have been liable to the plaintiff for resultant damage because it participated in the construction of the change of grade of the street, the liability of the State Highway Board continued, and the plaintiff was not

restricted to his action against Meriwether County with the hope that the county would vouch the Highway Department into court to defend. We might consider what would have been the condition of the plaintiff if the State Highway Board had employed a non-resident contractor to do the actual work in changing the grade of the street, instead of Meriwether County. No right of action would have existed against the City of Greenville. Then, unless the State Highway Board could be sued, the constitutional provision that private property shall not be taken for public use without just compensation would be violated. When we consider the questions which were being decided in the *Gazzaway* case and other similar cases, nothing has been said therein which is contrary to what is here being held. We hold that the right to sue the county under the act of 1919, when considered in connection with the act of 1925, is not an exclusive remedy or right, but is cumulative in this type of case. The superior court of Cobb County had jurisdiction of this action, and it was error to award a nonsuit.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*

ON MOTION FOR REHEARING.

It is insisted that our decision is contrary to that in the *Tounsel* case. In its final analysis the *Tounsel* decision merely held that the Highway Department might not be sued "for damages for *personal injuries* due to the negligence of its engineer. Neither can a county be sued for such injuries. The constitutional provision that private property may not be taken or damaged for public use without adequate and just compensation is broad enough and comprehensive enough to protect the rights of citizens even as against the State itself or any of its political subdivisions. While it is true that the State is never suable except by express enactment, and this is also true of subdivisions of the State, yet the constitution contains the express enactments as to suits of this character, and needs no statute to breathe into it the "breath of life." The State itself is limited by the provisions, and can not take private property for public use without adequate compensation. To allow the State or any of its political subdivisions to take or damage private property, and then to deny the right to sue therefor in the courts, is to "keep the word of promise to his ear and break it to his hope." The act of 1919 provided for suits

322

against the State Highway Board, and said it was the only way. Irrespective of the contention, that in some instances this might be violative of the constitutional provision above referred to, we adhere to our ruling that the act of 1925, together with the constitutional provision quoted, subjects the Highway Department to suits of this character.