28922.   CALHOUN *v.* DOOLY COUNTY.

*Mathews & Mathews, Louis L. Brown, Watts Powell,* for plaintiff.

*L. F. Beddingfield, Lamar Murdaugh, D. C. Chalker, J. T. Ferguson, Preston Rawlins,* for defendants.

STEPHENS, P. J. Mrs. E. S. Calhoun instituted a suit against Dooly County to recover for personal injuries alleged to have been received by her, and for the homicide of her husband, resulting from the wrecking of an automobile in which she and her husband were riding, as the proximate result of the alleged negligent construction and maintenance of a bridge and its approaches in a State-aid road over a stream in Dooly County. Service was perfected on Dooly County, and the State Highway Department was by Dooly County vouched into court to defend the suit as provided by Code, § 95-1710.

In the original petition, which was brought in two counts, one for the alleged injuries to the plaintiff and the other for the homicide of the plaintiff's husband, no act of negligence was charged against Dooly County, and no judgment was prayed for against the county, but various acts of negligence were charged against the highway department as respects the construction and maintenance of the bridge and its approaches. The only prayers were for process against Dooly County and for vouchment by the defendant of the highway department into court to answer the complaint. The plaintiff afterwards tendered an amendment to the petition in which it was alleged that the highway department, for many months before the injuries complained of occurred, had notice of the dangerous and defective condition of the bridge and its approaches, and that the department was negligent, and that the county, by vouching the department into court, had relieved itself of all liability to the plaintiff, and that the highway department alone was re-

sponsible for the damages complained of, and prayed judgment against the highway department. The county demurred to the amendment on the ground that it set out no cause of action, and was an attempt to make the highway department a party defendant, whereas such was not authorized by law; that only the county was defendant, and the department was only a vouchee; and that while the department was ultimately liable no judgment could be legally rendered against it. The court sustained the demurrer and disallowed the amendment, and in his order ruled "that the case should stand as Mrs. E. S. Calhoun versus Dooly County, and should be tried as such, and a verdict and judgment for or against Dooly County rendered accordingly."

The case went to trial on the original petition and the answer, and a verdict and judgment were rendered for the defendant. A motion for new trial was made by the plaintiff. In the motion as amended the plaintiff excepted to various excerpts from the charge to the jury and to the failure of the court to charge. These exceptions involve the same legal question presented by the demurrer to the amendment to the petition. The plaintiff excepted to the judgment sustaining the demurrer to the amendment to the petition, and to the judgment overruling the motion for new trial. The plaintiff excepted to the charge to the jury wherein it was stated that the plaintiff contended that the county was negligent, and to the charge that a duty to maintain the bridge rested upon both the county and the highway department. The plaintiff also excepted to the failure of the court to charge that the plaintiff contended that only the negligence of the highway department was the cause of the injuries complained of. The plaintiff also excepted to the failure of the court to charge that there could be no liability against the county to pay a judgment which might be rendered against it, but that the highway department only would be responsible for the payment of such judgment.

Where a suit is brought against a county to recover damages for injuries sustained by reason of a defect in the construction or maintenance of a bridge or its approaches on a highway over which jurisdiction has been assumed by the highway department under the terms of law, and the department has been vouched into court by the county to defend the litigation as prescribed by statute, can the plaintiff, upon proof that the injuries were caused by the negligence

of the department, obtain a verdict and judgment against the department?

The law provides that a county shall be "primarily liable for all injuries caused by reason of any defective bridges" within the county, and that where a county is sued for injuries resulting from a defective bridge in the county on a highway over which jurisdiction has been assumed by the highway department under the terms of law, the county sued may vouch the highway department in to defend such litigation by furnishing the department with a notice to defend the suit, and the department shall defend the suit and be responsible for all damages awarded against the county "under existing laws." Code, §§ 95-1001, 95-1710. Under this statute a suit may be maintained against the county and a verdict and judgment obtained against it for damages resulting from a defect in a bridge, although it may appear that jurisdiction over the highway on which the bridge was located had been assumed by the highway department under the terms of the law, and that the highway department, and not the county, was guilty of negligence, in the maintenance and construction of the bridge or its approaches, which caused the injury. Where the highway department has been vouched into court as provided by statute, liability is fixed against the department in favor of the plaintiff upon the rendition of a verdict and judgment for the plaintiff against the county alone. It is therefore not essential to the right of the plaintiff to hold the highway department liable to the plaintiff that the highway department itself be sued as defendant, or, where the county is sued and the department is vouched into court as provided by statute, that a verdict and judgment be rendered against the highway department. The statutory method by which the plaintiff may enforce any claim he may have for damages arising out of a defect in a bridge on a highway over which the highway department has assumed jurisdiction is by a suit against the county and the vouchment of the highway department into court to defend the litigation. Notwithstanding in such suit there may be a verdict and judgment obtained against the county, based on the negligence of the highway department as proximately causing the plaintiff's injuries, and notwithstanding the verdict and judgment may be against the county alone, the highway department, as provided by the statute, is, by virtue of the force and effect of the judgment against the

county, liable for payment to the plaintiff. *Lincoln County* v. *Gazzaway*, 43 *Ga. App.* 358 (158 S. E. 647) ; *Pike County* v. *Matthews*, 49 *Ga. App.* 152 (174 S. E. 642) ; *Page* v. *Washington County*, 48 *Ga. App.* 791 (173 S. E. 868). See *Hardin* v. *State Highway Board*, 185 *Ga.* 614 (196 S. E. 40) ; *Taylor* v. *Richmond County*, 185 *Ga.* 610 (196 S. E. 37) ; *Tounsel* v. *Stale Highway Department*, 180 *Ga.* 112, 118 (178 S. E. 285).

Although the filing of a suit against a county to recover for injuries resulting from a defect in a bridge on a highway over which jurisdiction has been taken by the highway department may be simply a means or method of enforcing a claim for damages against the department, it does not follow that in such suit the plaintiff should be allowed to obtain a judgment against the department, and that it would be necessary in order to establish a liability against the department that a verdict and judgment be taken against it.

The court therefore did not err in sustaining the demurrer to the amendment to the petition in which the plaintiff alleged that the liability for damages caused by the alleged defect in the bridge was against the highway department, and in which the plaintiff prayed for a judgment against the highway department alone. The plaintiff had sued the county as provided and contemplated in the statute, and notwithstanding the plaintiff may, in her original petition, have failed to allege that the negligence of the county was the cause of the injuries, and may have prayed judgment against the highway department, but had alleged only that the negligence of the highway department was the cause of the plaintiff's injuries, the ruling of the court disallowing the amendment and holding that the case should stand as that of the plaintiff against the county, and should be tried as such, and a verdict and judgment for or against the county should be rendered accordingly, was not harmful to the plaintiff where the court did submit the case to the jury under instructions which authorized a recovery upon negligence of the highway department as the proximate cause of the plaintiff's injuries. The court charged the jury as follows: "If, under the rules of law given you in charge, you find and believe by a preponderance of testimony in this case, that this plaintiff, Mrs. Calhoun, should recover—that is to say, you find that the injuries and damages that she sustained, and the loss of her husband that she

sustained, as she contends, was caused by the negligence of the county or any of the acts of negligence as alleged and contended in this petition were the proximate cause of her injuries, loss and damage, then the duty will devolve upon you in fixing the amount which you find that she sustained."

The court having charged as above indicated that the plaintiff could recover on the acts of negligence "as alleged and contended in this petition" which were the proximate cause of the injuries, necessarily meaning the acts of negligence charged by the plaintiff to the highway department, which were the only acts of negligence charged in the petition, it was not harmful to the plaintiff for the court to charge that the plaintiff contended that the county was negligent, or to charge that a duty rested upon both the county and the highway department to maintain the bridge; or to fail to charge that the plaintiff contended that the negligence of the highway department was the sole cause of the injuries complained of. In contemplation of law the negligence, although it is in the petition charged against the highway department, is the negligence of the county. *Lincoln County* v. *Gazzaway,* 43 *Ga. App.* 358 (158 S. E. 647); *Pike County* v. *Matthews,* 49 *Ga. App.* 152 (174 S. E. 642). Nor was it error for the court to fail to charge that there could be no liability against the county to pay any judgment that might be rendered against it, but that the highway department alone would be responsible for the payment of the judgment. The alleged harmful effect of the failure of the court to charge that the county would not be liable for the payment of a judgment which might be rendered against it, but that the highway department alone would be liable for such payment, was that, in the absence of such charge, the jury would be under the impression that any judgment which they might render for the plaintiff would be chargeable against Dooly County and that Dooly County would be called upon to pay the judgment. This objection evidently is based on the assumption that the jury would be more inclined to render a verdict in favor of the plaintiff if they had knowledge that under the law the amount of the judgment could not be collected out of the county. On the same ground of objection the giving of such charge might be harmful and prejudicial to the highway department. Therefore the court did not err in failing to so charge.

The case was submitted to the jury on the issues made by the

488

evidence as to whether or not the negligence alleged in the petition, which was negligence which the plaintiff charged to the highway department, was the cause of the plaintiff's injuries. It does not appear that a verdict for the plaintiff was as a matter of law demanded. Therefore the verdict for the defendant was authorized, and was not contrary to law. No error appears.

*Judgment affirmed. Sutton, J., concurs.*

FELTON, J., dissenting. I dissent from the judgment for the reason that in my opinion it was harmful error for the court to charge the jury in effect that a duty rested on Dooly County to maintain the bridge, and that proof of the county's negligence was necessary to authorize a recovery by the plaintiff. The plaintiff did not contend that the county was negligent, and under parts of the charge the jury might have found against the plaintiff because there was no evidence that the county was negligent.

DECIDED JULY 2, 1941. REHEARING DENIED JULY 24, 1941.