38657. CITIZENS COALITION FOR PLANNED GROWTH, INC. et al. v. GLYNN COUNTY et al.

HILL, Presiding Justice.

The Citizens Coalition for Planned Growth, Inc., a civic organization, and its president brought this suit challenging the transfer of title from the city of Brunswick and Glynn County to the

Department of Transportation (DOT) of the Fernando J. Torras (St. Simons) Causeway (linking St. Simons Island and the mainland). The Citizens Coalition originally sought to enjoin the transfer, but, after the deed was delivered on December 14, 1981, its petition was amended to have that deed cancelled as being null and void.[1] The trial court denied relief and the Citizens Coalition appeals.[2]

The F. J. Torras Causeway was built in 1949 and '50 by the city and county which have since maintained it and collected a toll. The bonds issued to pay for its construction have now been retired. The engineer hired by the county as a consultant testified that the causeway is not obsolete although some repairs are necessary. The city and county deeded the causeway to DOT, which intends to widen it to four lanes. In doing so, two of the five bridges will be replaced by high rise bridges under which boat traffic can pass without the necessity for the drawbridges that now interrupt the flow of traffic to and from the island. DOT has obtained federal money in the amount of 32.4 million dollars toward the 40 million dollar cost of the project. This federal money is conditioned on obligating the money before October 1, 1982.

The gist of the Citizens Coalition's petition is that the acquisition of the causeway by DOT violates Code Ann. § 95A-601 (A), requiring that construction on property acquired for future public road purposes not begin until two years after it is acquired. Since the federal grant requires commencement of the project before October 1, 1982, and the property was acquired on December 14, 1981, the Citizens Coalition urges that the transfer to DOT was illegal and void.

1. Code Ann. § 95A-601 (Supp. 1981) provides that: "Any property may be acquired in fee simple or in any lesser interest, . . . by a State agency or a county or municipality through gift, devise, exchange, purchase, prescription, dedication, eminent domain, or in any other manner provided by law *for present or future public road* or other transportation purposes. Public road purposes shall include, but not be limited to: rights-of-way; detours; bridges; bridge approaches; . . . and any and all other purposes which may be reasonably related to the development, growth, or enhancement of the public roads in Georgia." (Emphasis supplied.) It is clear that the

---

[1] The defendants are Glynn County and the Glynn County Board of Commissioners, the City of Brunswick and the Department of Transportation. DOT was dismissed on the ground of sovereign immunity. See Division 2, below.

[2] The appeal is not moot. *Radio WEBS, Inc. v. Tele-Media Corp.,* 249 Ga. 598 (292 SE2d 712) (1982).

widening of the causeway and the reconstruction or replacement of its bridges falls well within the ambit of public road purposes. DOT was authorized to accept the quitclaim deed to the causeway from the city and county under this section, as amplified in Code Ann. § 95A-602 (a).[3] Moreover, the foregoing portion of the Code section applies to acquisitions for "present" as well as "future" public road purposes.

Code Ann. § 95A-601 (Supp. 1981) goes on to restrict acquisitions for *future* public road purposes: "Property shall not be acquired for 'future public road purposes,' as that term is used in this section, unless: (A) *construction will be commenced on the property to be acquired within a period of not less than two years* nor more than 10 years following the ends of the fiscal year in which the Secretary of Transportation of the United States approves an advance of all the necessary funds to the department for the acquisition of rights-of-way for said construction *under authority of the provisions of Title 23, Section 108,* United States Code, as now or hereafter amended; and (B) the intended acquisition is part of a specific plan of highway development, and the acquisition will assist in accomplishing one or more of the following: (1) A substantial monetary savings; (2) The enhancement of the integration of highways with public or private urban redevelopment; or (3) The forestalling of the physical or functional obsolescence of highways." (Emphasis supplied.) The Citizens Coalition relies on the emphasized language in urging that the quitclaim deed from the city and county to DOT is illegal and void because construction is to commence within 2 years.

At the trial, however, the Citizens Coalition presented no evidence that the funds to be acquired from the federal government were appropriated under 23 USCA § 108 (Supp. 1982) ("Advance acquisition of rights-of-way") for "future public road purposes." The defendants showed that the project was for *present,* rather than for *future,* public road purposes, and that the federal funds were acquired under the "Highway bridge replacement and rehabilitation program" codified at 23 USCA § 144 (a) (Supp. 1982), and not under 23 USCA § 108 as contended by the Citizens Coalition.

As we read Code Ann. § 95A-601, property upon which construction will "commence" within two years is not acquired for "future" public road purposes and is not subject to the restrictions of

---

[3] The department ". . . is authorized to accept donations, transfers, or devises of land from . . . counties, or municipalities, provided such land is suitable for present or future public road purposes. . . ." Code Ann. § 95A-602 (a).

that section upon acquisitions for "future" public road purposes.

In light of plaintiff's burden of proof and the uncontroverted evidence presented at the hearing, we hold that the trial court did not err in finding that funding for the causeway project was provided under 23 USCA § 144 rather than 23 USCA § 108, that the causeway project was not for "future" public road purposes under Code Ann. § 95A-601, and that the two-year provision was therefore inapplicable. Thus, the trial court did not err in refusing to declare the city's and county's deed transferring the causeway property to the DOT null and void.

2. The Citizens Coalition also enumerates as error the dismissal of the DOT on the grounds of sovereign immunity. Having determined that the deed to DOT is valid, we need not reach this issue. Compare *Evans v. Just Open Government*, 242 Ga. 834 (251 SE2d 546) (1979), with *Tounsel v. State Highway Dept.*, 180 Ga. 112, 117 (178 SE 285) (1934).

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 8, 1982.

*Robert C. Harper*, for appellants.

*Eugene Highsmith, Thomas J. Lee, Michael J. Bowers, Attorney General, Michael E. Hobbs, Assistant Attorney General,* for appellees.