## 41567. FULTON COUNTY v. DAVIDSON.
### (325 SE2d 135)

CLARKE, Justice.

This case originally came to this court as an appeal from the trial court's order enjoining Fulton County from acquiring certain rights-of-way. The rights-of-way are for a public road sometimes referred to as Georgia 400, the North Atlanta Parkway and Buckhead Loop. The original injunction was grounded on the failure of the county to comply with the provisions of OCGA § 32-3-1 relating to land acquisition for public road purposes.

After the appeal was docketed in this court, Fulton County filed a motion to which there were attached exhibits purporting to show facts which have occurred after the trial court's judgment. Because the exhibits were not part of the record, this court remanded the case to the trial court for the limited purpose of expeditious rehearing in light of the motion and the exhibits attached to it. The remand order directed the trial court to act on the motion at the earliest possible date and provided that the ruling of the trial court and the record upon which it was based would be immediately certified and transmitted to this court to be considered in this expedited appeal.

In reconsidering the case in light of the additional evidence, the trial court found the land sought to be acquired is not for future road purposes as alluded to in the statute but for present road purposes. The trial court therefore dissolved the injunction previously granted. As a result, this case is in the unusual posture of the appellant having prevailed below. Nevertheless, we will proceed with our review and make a determination of the issue. In doing so, we find agreement with the trial court's final order and affirm.

The question to be decided is whether the land acquisitions in dispute are for "future road purposes" or for "present road purposes." If this is a "future road purpose" case, the requirements of OCGA § 32-3-1 must be met, but there is no such necessity for land acquisitions for "present road purposes."

By enacting OCGA § 32-3-1, the legislature attempted to strike a balance between two competing but vital public interests. This sec-

tion is part of the Georgia Code of Public Transportation, the stated purpose of which is to "provide an effective legal basis for the organization, administration and operation of an efficient, modern system of public roads and other modes of transportation." OCGA § 32-1-2. In furtherance of this purpose, the legislature obviously recognized the need for orderly planning and construction of public roads and highways.

The section under review here also reveals a legislative recognition of the problems which arise when private lands are acquired by public agencies and never appropriated to a public purpose. Section 32-3-1 attempts to resolve this dilemma by providing that states, counties and municipalities may acquire property for present or future road or other transportation purposes. It then proceeds to impose certain limitations upon the right to acquire property or interest for "future road purposes."

We do not find a specific definition of the phrase "future public road purposes" in the statute. Nor do we find a definition of the phrase "present road purposes." However, one of the conditions under which the statute allows acquisition of property for "future public road purposes" is that construction will be commenced on the property within a period of not less than two nor more than ten years following certain actions by the federal authorities. The clear implication is that if construction is to begin in less than two years the project falls within the definition of a "present road." *Citizens Coalition for Planned Growth, Inc. v. Glynn County*, 249 Ga. 664 (292 SE2d 847) (1982).

The supplemented record in this case contains an affidavit from the state highway engineer revealing that the Department of Transportation is proceeding immediately with the implementation of the highway and that construction is planned to commence well in advance of two years from the present date. The appellees argue that such a statement falls short of an assurance that construction will begin within this period. They point to the fact that there yet remain various acts, reviews and approvals which amount to conditions precedent to the building of the road. Among these is the completion of the environmental impact study and the final federal approval.

We are unable to hold that every condition, review, approval and technicality must be completed prior to the authorization of right-of-way acquisition. A holding of this nature would mean that no right-of-way could be acquired if any act or task stood between the date of acquisition and the date of beginning of construction. Carried to its ultimate, this would require that the contract for the construction itself be executed prior to the acquisition of the right-of-way for the land upon which the road is to be built. It is our view that the legislature could not have meant to impose so strict a rule.

The evidence in this case authorized the trial court to find the project under consideration to be one involving a present road purpose and that the provisions of OCGA § 32-3-1 relating to "future public road purposes" do not apply.

*Judgment affirmed. All the Justices concur, except Smith, J., who dissents.*

DECIDED JANUARY 16, 1985.

*Webb & Daniel, Paul Webb, Jr., Philip S. Coe, Keith M. Weiner,* for appellant.
*Rubin, Winter, Goger & Kirwan, David F. Walbert,* for appellee.